ROSAMARIA BONAMICO ET AL. *v.* CITY OF
MIDDLETOWN ET AL.
(AC 16562)

O'Connell, C. J., and Foti and Hennessy, Js.

Argued December 2, 1997—officially released February 24, 1998

*Averum J. Sprecher*, for the appellants (plaintiffs).

*Andrew J. O'Keefe*, with whom was *Joseph M.
Busher, Jr.*, for the appellees (named defendant et al.).

*Opinion*

O'CONNELL, C. J. The plaintiffs[1] appeal from the
partial judgment in favor of the defendants rendered

---

[1] The plaintiffs on appeal are Rosamaria Bonamico and her parents, Maria
Bonamico, individually and next friend of Rosamaria, and Frank Bonamico,

on the trial court's order striking counts one through twelve of the fourteen count complaint.[2] They claim that the trial court improperly failed to apply the identifiable person-imminent harm exception to the governmental immunity doctrine.[3] We affirm the judgment of the trial court.

The minor plaintiff, Rosamaria Bonamico, was a student at Woodrow Wilson Middle School on November 25, 1992. On that day, she was walking down a corridor in the school and was struck in the eye with a "bean/pea/pellet" that had been thrown in her direction by fellow student Asa Black. Black had just come from a home economics session during which he, along with the other students, learned how to make bean bags. Black failed to return some of the beans in his possession and instead took them with him out of the classroom and into the corridor.

individually. The defendants, for the purposes of this appeal, are the city of Middletown, the Middletown board of education, the Middletown superintendent of schools, the principal of Woodrow Wilson Middle School and Mary Ann Vinci, home economics teacher at Woodrow Wilson Middle School.

[2] The trial court granted the municipal defendants' motion to strike counts one through twelve of the fourteen count complaint and judgment was rendered thereon. The two remaining counts are against two individuals, the child who threw the pellets that injured the plaintiff and that child's parent. There is an appealable final judgment pursuant to Practice Book § 4002B because the partial judgment disposes of all the claims against the municipal parties.

[3] In their appellate brief, the plaintiffs raised three issues: (1) Did the trial court err in concluding that the defendants were engaged in the performance of a public duty which is discretionary in nature and therefore immune from suit under the common-law doctrine of governmental immunity? (2) Did the trial court err in concluding that at the time she was injured, the minor plaintiff was not a school child entitled to pursue a cause of action under the "Identifiable [Person]-Imminent Harm" exception to the governmental immunity doctrine set forth in *Burns* v. *Board of Education*, 228 Conn. 640, 643, 638 A.2d 1 (1994)? (3) Did the trial court err in concluding that the plaintiffs are barred from pursuing a cause of action for the injuries she suffered by General Statutes § 52-557n (a) (2)?

The plaintiffs withdrew their first and third claims at oral argument in this court, leaving only the identifiable person-imminent harm issue for disposition on appeal.

The school had a policy that required all teachers to be physically present and visible in the hallway to supervise the students as they changed class periods. The plaintiffs alleged that codefendant Mary Ann Vinci, Black's home economics teacher, failed to comply with this policy and, as a result, caused the minor plaintiff to suffer injury to her left eye.

The defendants moved to strike counts one through twelve of the fourteen count complaint for failure to state claims upon which relief could be granted. In granting the motion to strike, the trial court held that all counts pertaining to the movants were barred by the doctrine of governmental immunity. More specifically, the trial court held that the defendants' duties were discretionary in nature[4] and, because the complaint did not allege any facts to show how the defendants might have known that "*this* minor plaintiff was in imminent danger of *this* type of harm," the plaintiffs "failed to allege facts sufficient to support the conclusion that the minor plaintiff was an 'identifiable' person subject to 'imminent harm' by merely passing through this hallway between classes." (Emphasis in original.)

"Conclusions of law, absent sufficient alleged facts to support them, are subject to a motion to strike. The trial court may not seek beyond the complaint for facts not alleged, or necessarily implied, and this court will not." *Fortini* v. *New England Log Homes, Inc.*, 4 Conn. App. 132, 134–35, 492 A.2d 545, cert. dismissed, 197 Conn. 801, 495 A.2d 280 (1985). An examination of the complaint in the present case discloses that the plaintiffs have not sufficiently alleged facts necessary to bring this case within the ambit of the identifiable person-imminent harm exception to governmental immunity.

---

[4] This fact was agreed to by all parties at oral argument in this court and, thus, need not be addressed in this opinion.

The general rule is that governments and their agents are immune from liability for acts conducted in performance of their official duties. The common-law doctrine of governmental immunity has been statutorily enacted and is now largely codified in General Statutes § 52-557n.[5] A defendant is entitled to judgment as a matter of law if the duties allegedly breached required the exercise of judgment or discretion, in some measure, by the governmental employee. See *Evon* v. *Andrews*, 211 Conn. 501, 507, 559 A.2d 1131 (1989).

"The immunity from liability for the performance of discretionary acts by a municipal employee is subject to three exceptions or circumstances under which liability may attach even though the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Citations omitted.) Id., 505.

The identifiable person-imminent harm exception is the only exception that is relevant to this case. Our courts have construed this exception to apply not only to identifiable individuals, but also to narrowly defined classes of foreseeable victims. See *Burns* v. *Board of Education*, 228 Conn. 640, 646, 638 A.2d 1 (1994); *Purzycki* v. *Fairfield*, 44 Conn. App. 359, 363, 689 A.2d 504, cert. granted, 240 Conn. 926, 692 A.2d 1282 (1997).[6] The

---

[5] General Statutes § 52-557n (a) provides in relevant part: "(2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."

[6] In *Purzycki*, the Supreme Court granted the plaintiffs' petition for certification to appeal from the judgment of this court limited to the following

plaintiffs argue that as a student, the minor plaintiff was a member of a class of identifiable victims that was subject to imminent harm when the school and its officials failed to supervise the corridors properly between class periods. We do not agree.

The plaintiffs in this case have failed to provide factual support for their allegations that the minor plaintiff was an identifiable person that was subject to imminent harm. The harm allegedly suffered by the minor plaintiff was caused by the voluntary, wilful or negligent acts of another student. The plaintiffs do not allege that any of the defendants knew that the other student possessed the beans or pellets or that he would throw them toward the minor plaintiff. Moreover, the complaint contains no allegation that the defendants had any foreknowledge that the other student would act or would be likely to act in the way that he did during the period between classes. Thus, the plaintiff could have been injured at any time in the future or not at all.

Directly on point is our recent decision in *Purzycki* v. *Fairfield*, supra, 44 Conn. App. 359. In *Purzycki*, a second grade student was dismissed for recess and was tripped by a fellow student as he ran down the hallway. The plaintiffs alleged that the child's injuries were caused by the school's negligence in failing to monitor the hallway. In holding that the identifiable person-imminent harm exception did not apply, we concluded that the child "could have been injured at any time in the future while traveling from lunch to recess, or not at all. . . . [T]he lack of supervision claimed here, standing alone, did not create [the risk of imminent harm]. A combination of the lack of supervision, [the

issue: " 'Was the trial court correct in setting aside the verdict on the ground that the plaintiffs failed to prove that the plaintiff child was subject to imminent harm, an exception to a municipal employee's immunity from liability when performing discretionary acts?' " *Purzycki* v. *Fairfield*, 240 Conn. 926, 692 A.2d 1282 (1997).

child's] own conduct and the conduct of another student caused the injuries. While it may have been foreseeable that [the child] might run in the hallway, any risk of harm that did exist required a confluence of events and did not rise to the level of imminence necessary to overcome the defendants' immunity." Id., 365–66.

This case, as did *Purzycki*, involves an injury that resulted from the allegedly negligent supervision in a school hallway. In both cases, the minor plaintiffs were injured by the spontaneous and unpredictable conduct of a fellow student. In *Purzycki*, we articulated that "[w]e agree with the trial court that 'there was no evidence that [the minor plaintiff] in traveling the brief distance from the "all purpose" room to the playground, was in imminent harm. True, the principal knew that if children were not watched they might run in the hall, and that if they ran in the hall, they could get hurt. But to regard this as imminent harm would be to equate that term with mere foreseeability, and to thereby transfer the governance of elementary schools . . . from the principal's office . . . to the [courtroom] . . . .' " Id., 363–64.

Under the facts of this case, as in *Purzycki*, it was foreseeable, at best, that if the other student had a bean in his pocket, he might throw it in the direction of the minor plaintiff and injure her. Something more than mere foreseeability, however, must be alleged in the complaint to establish the degree of imminence that is required for the exception to be triggered and for the claim to survive a motion to strike. Standing alone, the alleged lack of supervision that may have created the foreseeability of the injury to the minor plaintiff is insufficient.

We conclude that the complaint in the present case contains conclusory allegations that the minor plaintiff

was "an identifiable person likely to be subject to imminent harm" and fails to allege facts to support this contention. Accordingly, we hold that such allegations are insufficient to survive a motion to strike.

The judgment is affirmed.

In this opinion the other judges concurred.