[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT TOWNOF ENFIELD'S MOTION TO STRIKE (#170)
The defendant Town of Enfield (Town) moves to strike counts one and three of plaintiff's substituted complaint which alleges respectively, negligence of the Town under General Statutes Section 52-557n (a)(1)(A) and nuisance under Section 52-557n (a)(1)(c). For the reasons stated below, the Town's motion to strike is granted.
I. FACTUAL AND PROCEDURAL BACKGROUND
By way of a substitute complaint dated September 15, 1997, the minor plaintiff, Quentin Whitfield, brought as action by and through his father and next friend, Eric Whitfield, against the defendants, Town and Southern New England Telephone Company (SNET). in his complaint, the plaintiff alleges that on August 14, 1996, he was riding his bicycle near the intersection of Cynthia Circle and St. James Avenue, "when the front wheel of his bicycle hit a deep, CT Page 3695 hidden depression in the ground at the northern end of a metal box owned by [SNET]." (Complaint, Count One). The plaintiff was thrown over the handlebars of his bicycle and suffered serious injuries. The plaintiff alleges that this occurrence was caused by the dangerous and defective condition of the grassy area between the sidewalk and St. James Avenue.
Count one is brought pursuant to General Statutes §52-557n (a)(1)(A) and alleges a cause of action against the Town for the negligence of the Town or its employees. Specifically, the plaintiff alleges that the Town was negligent in allowing the ground around the SNET box to deteriorate and render pedestrian traffic dangerous, in failing to remedy the unsafe and defective condition of the ground, and by failing to use reasonable care to inspect said ground when an inspection would have made the Town aware of the defective condition.
Count two is brought pursuant to General Statutes §13a-149 and alleges that the plaintiff's injuries were caused by a defective road which the Town was bound to keep in repair. The plaintiff alleges that timely notice was given to the Town and that the plaintiff was in the exercise of due care at the time of his fall. In count three, the plaintiff incorporates all of the allegations in counts one and two and alleges that his injuries were caused by the acts of the Town which constituted participation in the creation of a nuisance. Count four is brought against SNET and is not relevant to the present motion to strike.
The Town now moves to strike counts one and three of the substitute complaint. The Town filed a memorandum of law in support of its motion to strike and a supplemental memorandum. The plaintiff has filed a memorandum of law in opposition, and oral argument was held.
II. DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v.Autuori, 236 Conn. 820, 825-26, 676 A.2d 357 (1996). "If the facts provable in the complaint would support a cause of CT Page 3696 action, the motion to strike must be denied." Id., 826.
The Town moves to strike counts one and three on the ground that General Statutes § 13a-149 is the exclusive remedy for damages for injuries by means of a defective road. Because count two alleges a claim pursuant to § 13a-149, the Town argues that the plaintiff's claims for negligence and nuisance in counts one and three are precluded.
The plaintiff concedes that § 13a-149 is the exclusive remedy for damages for injuries caused by a defective road. The plaintiff argues, however, that the determination of whether the grass area where the injury occurred constitutes a "defective road" under the statute involves a factual question that cannot be resolved on a motion to strike. Because counts one and three do not allege that the injury occurred on a road, the plaintiff argues that he has pleaded alternative theories of recovery. The defendant counters that counts one and three clearly plead a defective road claim and that this issue can be determined on a motion to strike.
General Statutes § 13a-149 provides in relevant part that "[a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair." General Statutes § 52-557n
provides in pertinent part that "[e]xcept as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property . . . provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149."
The Connecticut Supreme Court has construed "Section52-557n to provide that an action under the highway defect statute, Section 13a-149, is a plaintiff's exclusive remedy against a municipality or other political subdivision for damages resulting from injury to any person or property by means of a defective road or bridge." (Internal quotation marks omitted.) Sanzone v. Board of Police Commissioners,219 Conn. 179, 192, 592 A.2d 912 (1991). Moreover, the Supreme Court has also held that "a common law action for nuisance is barred by 52-557n" when the action seeks redress for injuries caused by a defective road. Cook v. Turner, 219 Conn. 641,643, 593 A.2d 504 (1991). See also Martin v. Town ofPlainville, 240 Conn. 105, 109, 689 A.2d 1125 (1997) (holding CT Page 3697 that "[s]ection 13a-149 provides the exclusive remedy for a person seeking redress against a municipality for such injuries").
Count two of the complaint is brought pursuant to General Statutes § 13a-149. Count two makes the same factual allegations as those made in counts one and three, namely that the plaintiff was injured by means of a defective condition in the grassy area between the sidewalk and the road. The fact that the plaintiff does not describe the area of the fall as a defective road in counts one and three is not dispositive. "A court must look to the facts alleged and determine if a highway defect is being alleged despite the labels the plaintiff has chosen to put on his or her counts." Monteiro v.Town of East Hartford, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 534950 (January 12, 1995, Corradino, J.) (13 Conn. L. Rptr. 285). Therefore, if the grassy area where the plaintiff fell constitutes a road within the meaning of § 13a-149, then the plaintiff is precluded from bringing his claims for negligence and nuisance against the town.
In Sanzone v. Board of Police Commissioners, supra,219 Conn. 201, the court held that "[w]hether a highway is defective may involve issues of fact, but whether the facts alleged would, if true, amount to a highway defect according to the statute is a question of law which may be determined on a motion to strike." The court in Sanzone found as a matter of law that the malfunctioning traffic light was part of a defective road within the meaning of the statute. The court rejected the plaintiffs' argument that they should be able to advance alternative theories of recovery because § 13a-149 was the plaintiffs' exclusive remedy. Id. The court explained, however, that "[w]e need not consider, therefore, the impact52-557n would have in another case in which the statutory status of an accident's cause could not be established prior to trial." Id., 203. The present case presents such a situation. Here, the determination of whether the grassy area where the plaintiff was injured was part of a defective road within the meaning of § 13a-149 involves factual issues that are not properly decided on a motion to strike. See Durham v.Southern New England Telecommunications Corp. , Superior Court, judicial district of New Haven at Meriden, Docket No. 258671 (December 3, 1997, Levine, J.) (20 Conn. L. Rptr. 621) (denying motion to strike because determination of whether CT Page 3698 area between sidewalk and street was a defective highway within the statute presented an issue of fact). Therefore, the plaintiff may advance alternative and inconsistent theories of recovery as alleged in counts one and three.Dreier v. Upjohn Co., 196 Conn. 242, 245, 492 A.2d 164 (1985). See Practice Book §§ 94 and 137.
Assuming arguendo that the grassy strip is not a "defective road" for the purposes of § 13a-149, and therefore, the plaintiff is not precluded from bringing other claims, I conclude nevertheless, that the motion to strike must be granted because counts one and three fail to state legally sufficient claims for negligence and nuisance against the Town.
A - COUNT ONE
In count one, the plaintiff alleges that the Town is liable for the negligent acts of its employees or agents pursuant to General Statutes § 52-557n(a)(1)(A).[1] The Town argues that count one is legally insufficient because § 52-557n
does not give rise to a cause of action for municipal liability for the negligence of its employees. Because a municipality could not be held vicariously liable for the acts of its employees at common law, the Town argues that the plaintiff has no cause of action under the statute. The Town argues alternatively that the claim is barred by the doctrine of governmental immunity.
"Notwithstanding the procedural posture of a motion to strike, this court has approved the practice of deciding the issue of governmental immunity as a matter of law." Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988). "[When] it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant [is] not required to plead governmental immunity as a special defense and [can] attack the legal sufficiency of the complaint through a motion to strike." Brown v. Branford, 12 Conn. App. 106, 111 n. 3,529 A.2d 743 (1987). See also Heigl v. Board of Education,218 Conn. 1, 8-9, 587 A.2d 423 (1991) (holding that trial court properly granted a motion to strike on the basis of governmental immunity); Kolaniak v. Board of Education,28 Conn. App. 277, 279, 610 A.2d 193 (1992) (approving the CT Page 3699 practice of deciding the issue of governmental immunity as a matter of law).
"The general rule is that governments and their agents are immune from liability for acts conducted in performance of their official duties. The common-law doctrine of governmental immunity has been statutorily enacted and is now largely codified in General Statutes § 52-557n." Bonamico v.City of Middletown, 47 Conn. App. 758, 761, ___ A.2d ___ (1998). "General Statutes 52-557[n] (a)(1)(A) permits a direct action against a town for the negligence of its employees, except when the employees are exercising judgment or discretion." Nowinski v. Town of Greenwich, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 111420 (March 16, 1994, Lewis, J.). See also Gagliardi v.Consiglio, Superior Court, judicial district of New Haven at New Haven, Docket No. 380916 (September 16, 1997, Zoarski, J.) (20 Conn. L. Rptr. 264) ("A plaintiff injured by the acts of a municipal employee may choose to bring a suit directly against the municipality"); Levien v. Iron Horse Development,Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 050131 (March 26, 1996, Skolnick, J.). Therefore, "[a] defendant is entitled to judgment as a matter of law if the duties allegedly breached required the exercise of judgment or discretion, in some measure, by the governmental employee. Evon v. Andrews, 211 Conn. 501, 507,559 A.2d 1131 (1989)." Bonamico v. City of Middletown, supra,47 Conn. App. 761.
In Evon v. Andrews, supra, 211 Conn. 501, the plaintiffs alleged that the city and its officials were negligent in failing to properly enforce regulations and codes concerning the maintenance of rental dwellings and for failing to inspect those dwellings. The plaintiffs sought damages for the wrongful deaths of their decedents who had been killed when fire destroyed their apartment. The court held that "what constitutes a reasonable, proper or adequate inspection involves the exercise of judgment" and therefore, the acts alleged were not ministerial. Id., 506. The court affirmed the granting of the defendant's motion to strike because the defendants were immune from liability.
In the present case, the plaintiff alleges that the Town or its employees were negligent by not inspecting the grass strip between the sidewalk and street where the plaintiff fell CT Page 3700 and by not remedying the alleged unsafe and defective condition. It is evident that the facts alleged in count one require, in some measure, an exercise of judgment or discretion by the Town or its employees. See Evon v. Andrews, supra, 211 Conn. 506-07. Accordingly, the Town is entitled to immunity unless the plaintiff has sufficiently alleged an exception to this rule.[2] The plaintiff has not alleged any private duty owed the plaintiff or that an exception to the rule of immunity applies. Therefore, as count one is legally insufficient, the Town's motion to strike must be granted as to it.
B - COUNT THREE
Count three of the complaint alleges that the Town participated in the creation of a nuisance. The Town moves to strike count three because the plaintiff has failed to plead positive acts of the municipality necessary to impose liability for nuisance.
"Liability in nuisance can be imposed on a municipality only if the condition constituting the nuisance was created by the positive act of the municipality. . . . Failure to remedy a dangerous condition not of the municipality's own making is not the equivalent of the required positive act." (Citations omitted.) Wright v. Brown, 157 Conn. 464, 470, 356 A.2d 176
(1975). See also Lukas v. New Haven, 184 Conn. 205, 209,439 A.2d 949 (1981); Brown v. Branford, supra, 12 Conn. App. 112.
Count three alleges that the Town created and maintained a nuisance by failing to remedy the unsafe condition of the grass area where the plaintiff fell. It is evident that the complaint has not alleged a positive act on the Town's part, but only a failure to act. Such an allegation is insufficient to impose liability in nuisance upon a municipality. SeeLukas v. New Haven, supra, 184 Conn. 209. Therefore, the motion to strike count three must also be granted.
Teller, J.