[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE SPECIAL DEFENSES #141
 Factual and Procedural History
In November of 1992, Rosamaria Bonamico, then an eighth grade student at Woodrow Wilson Middle School, sustained a serious, permanent eye injury, caused, allegedly, when fellow student, Asa Black, threw a pea, which hit her. The two students were in a school corridor changing from one class to the next when Asa threw the pea. He had just come from a home economics class, taught by Ms. Vinci, where he and other students had been making bean bags.
On November 15, 1994, the plaintiffs, Rosamaria Bonamico and her parents, Frank and Maria Bonamico, individually and as next of friend to Rosamaria, filed a four count complaint against the defendants: the City of Middletown, the Board of Education for the City of Middletown, David Larson, Superintendent of Schools for the City of Middletown, Frank Balisciano, Principal of Woodrow Wilson Middle School, a school in located Middletown, and Mary Ann Vinci, a home economics teacher at Woodrow Wilson Middle School (collectively and hereinafter, "Middletown defendants") and Asa Black, a student at the school and his father, Ronald Black. The Middletown defendants filed a motion to revise the complaint on January 24, 1996, and, subsequently, on January 26, 1996, the plaintiffs filed a fourteen count amended complaint; directing counts one through twelve against the Middletown defendants and counts thirteen and fourteen against the Blacks.[1] The motion before the court does not involve the Blacks.
On February 9, 1996, the Middletown defendants filed a motion to strike counts one through twelve, which this court (Stanley, J.) granted on August 22, 1996, after determining that the complaint failed to allege facts necessary to bring the claim CT Page 7335 within the identifiable person-imminent harm exception to the doctrine of governmental immunity and, consequently, this doctrine shielded the Middletown defendants from liability. The plaintiffs appealed this decision. Initially, the Appellate Court, Bonamico v. City of Middletown, 47 Conn. App. 758,706 A.2d 1386 (1998), upheld the trial court's ruling; however, on further appeal, the Supreme Court remanded the matter back to the Appellate Court for reconsideration in light of its recent holding in Purzycki v. Fairfield, 244 Conn. 101, 708 A.2d 937
(1998). Subsequently, the Appellate Court, Bonamico v. City ofMiddletown, 49 Conn. App. 605, 713 A.2d 1291 (1998), vacated its earlier decision; reversed the trial court and remanded the case for further proceedings.
On October 30, 1998, the Middletown defendants filed an answer and six special defenses. On December 2, 1998, the plaintiffs, pursuant to Practice Book § 10-39(a)(5), filed, with the requisite memorandum of law, a motion to strike the Middletown defendants' second, third, fifth and sixth special defenses. The Middletown defendants filed an objection and accompanying memorandum of law on February 5, 1999. The special defenses, relevant to this motion, involve the Middletown defendants' assertion that sovereign immunity and/or statutory immunity under General Statutes §§ 52-557n(a)(2)(B) or 52-557n
(b)(6), shield them from liability.
 Standard of Review
"The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded." (Internal quotation marks omitted.) Dodd v. Middlesex MutualAssurance Co., 242 Conn. 375, 378 698 A.2d 859 (1997). See also Practice Book § 10-39. Practice Book § 10-50 requires that a defendant, when pleading a special defense, assert "facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, 221 Conn. 465, 473, 604 A.2d 814
(1992).
In ruling on a motion to strike, the court must take as true the facts alleged, including those "facts necessarily implied and fairly provable under the allegations." (Internal quotation marks omitted.) Westport Bank Trust Co. v. Corcoran, Mallin Aresco,221 Conn. 490, 495, 605 A.2d 862 (1992). This does not, however, include conclusions unsupported by the facts asserted. See CT Page 7336Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
The court has an obligation to "construe the defenses in the manner most favorable to sustaining their legal sufficiency."Connecticut National Bank v. Douglas, 221 Conn. 530, 536.606 A.2d 684 (1992).
 Discussion
A. Sovereign Immunity
The plaintiffs argue that the second and third special defenses, predicated on a theory of sovereign immunity, are legally insufficient. They rely on Purzycki v. Fairfield, supra,244 Conn. 101, for this conclusion.
The defendants contend that the dicta of Purzycki does not control this case because the plaintiffs have alleged facts that take the complaint beyond a claim of negligent supervision.
"The protection afforded by this doctrine [sovereign immunity] has been extended to agents of the state acting in its behalf." Cahill v. Board of Education, 187 Conn. 94, 101,444 A.2d 907 (1982). Nevertheless, there exists a dichotomy at law — municipalities and their employees may be "agents of the state for some purposes and agents of the municipality for others." Purzycki v. Fairfield, supra, 244 Conn. 101, 112, citingHeigl v. Board of Education, 218 Conn. 1, 3-4, 587 A.2d 423
(1991). "To determine whether the doctrine of sovereign immunity applies to a local school board [or municipality], we look to whether the `action would operate to control or interfere with the activities of the state.'" Id. "There is no question but that local boards of education act as agencies of the state when they are fulfilling the statutory duties imposed upon them pursuant to the constitutional mandate of article eight, § 1." Cheshire v.McKenney, 182 Conn. 253, 258, 438 A.2d 88 (1980). See also, R. A.Civitello Co. v. New Haven, 6 Conn. App. 212, 218, 504 A.2d 542
(1986).
But not all responsibilities related to schools create agency, e.g., a duty to supervise students is not done on behalf of the state but rather "is performed for the benefit of the municipality." Purzycki v. Fairfield, supra, 244 Conn. 101, 112. CT Page 7337
The defendants' second special defense states: "At all times mentioned herein, the Board of Education was acting as an agent of the State of Connecticut, and as such is immune from liability under the theory of sovereign immunity." Defendants' Answer and Special Defenses, dated October 23, 1998, Second Special Defense.
The defendants' third special defense states: "At all times mentioned herein, the defendants were acting as agents of the State of Connecticut, and as such are immune from liability under the theory of sovereign immunity." Defendants' Answer and Special Defenses, dated October 23, 1998, Third Special Defense.
Even when read in conjunction with the plaintiffs' complaint, the defendants' conclusory statement that they acted as "agents of the State Connecticut" does not provide a factual basis from which to conclude that they enjoy protection from liability by virtue of the doctrine of sovereign immunity. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." NovametrixMedical Systems, Inc. v. BOC Group, Inc., supra, 224 Conn. 210,215.
Moreover, whether or not the plaintiffs' complaint states causes of action in addition to a claim of negligent supervision[2] this court considers immaterial to its determination that the defendants have an obligation to properly plead their special defenses. Unless a complaint alleges a breach of a duty mandated by the state, which would then allow the court to infer that the State of Connecticut controlled the defendants' activities, the defendants must plead with specificity facts that show or tend to show how or in what way they were acting as agents of the state and not as agents of the municipality.
For sovereign immunity to apply, the defendants must assert that they were performing duties under a state mandate. See ToddM. v. Richard L., 44 Conn. Sup. 527, 539-40, 696 A.2d 1063
(1995). They did not do so. Nor did the defendants set forth facts which, if proved, would establish that they were acting at the behest of the state.
Accordingly, the plaintiffs' motion to strike the defendants' second and third special defenses is granted.
B. Statutory Immunity
CT Page 7338
1. General Statutes § 52-557n(a)(2)(B)
The plaintiffs contend the fifth special defense is legally insufficient with respect to the individual defendants Larson, Balisciano and Vinci and the Board of Education, as none is a political subdivision of the state.[3] The defendants counter that if the special defense is inapplicable to some but not all of the defendants the appropriate remedy is a request to revise not a motion to strike. The defendants assert that § 52-557n (a) (2)(B)[4] immunizes the City of Middletown and the Board of Education.
General Statutes § 52-557n (a)(1) creates an exception to the general rule of governmental immunity for political subdivisions of the state. A municipality may be held liable when an employee negligently performs a "ministerial" duty; however, § 52-557 n (a) (2)(B) immunizes a municipality from liability when an employee negligently performs a "discretionary" duty.
The provision regarding a motion to strike a complaint is not identical to the provision regarding a motion to strike an answer — the language relevant to the former differs from the latter. See Practice Book § 10-39.[5] While the courts have not previously had an opportunity to interpret this specific issue, the plain meaning of the language used in Practice Book § 10-39
permits the striking of a special defense, with respect to a particular defendant, if it is legally insufficient against that defendant — this interpretation supports the underlying objective of the rules of pleading, which is to "clarify and fix the issues and to confine the judicial inquiry necessary to decide the issues within reasonable and relevant limits." SalemPark, Inc. v. Salem, 149 Conn. 141, 144, 176 A.2d 571 (1961).
Ideally, the defendants' should have complied with Practice Book § 10-51 and identified each relevant special defense to the corresponding counts of the complaint. Alternatively, the plaintiffs' could have requested that the defendants' revise their answer and special defenses to comply with the rules of practice. See Practice Book § 10-35. Nevertheless, the rules of practice do allow the court to grant a plaintiff's motion to strike "any part of . . . . [an] answer including any special defense contained therein." Practice Book § 10-39(a)(5). See also, Nordling v. Harris, Superior Court, judicial district of Fairfield, Docket No. 329660, (August 7, 1996) (Levin, J.) (17 Conn. L. Rptr. 296, 298, note 1). CT Page 7339
Accordingly, the court grants the plaintiffs' motion to strike the defendants' fifth special defense with respect to the defendants Larson, Balisciano and Vinci, since none is a "political subdivision of the State of Connecticut;" a point conceded by the defendants.
The plaintiffs and defendants disagree as to whether or not local boards of education come within the definition of "political subdivision" for the purposes of § 52-557n.
"Unfortunately, the legislative history of § 52-557n is worse than murky; it is contradictory." Sanzone v. Board of PoliceCommissioners, 219 Conn. 179, 188, 592 A.2d 912 (1991). While the legislature has defined "political subdivision" in other contexts; see General Statutes § 7-462 (b); it has not done so with reference to § 52-557n. Nevertheless, there exists a consensus among the superior courts of this state that for purposes of § 52-557n, boards of education are political subdivisions of the state. See Russell v. McKenna, Superior Court, judicial district of New London at New London, Docket No. 541208 (February 26, 1998) (Handy, J.) and cases cited therein.
As the Sanzone Court noted, when the "sparks flung from the legislative forge fail to illuminate the statute's meaning. We must seek guidance . . . from the traditional rules of English grammar and of statutory construction." Sanzone v. Board ofPolice Commissioners, supra, 219 Conn. 179, 189. This court finds persuasive the distinction made by the Sanzone Court between a governmental entity and an individual employed or acting on behalf of that entity. See Id., 192-93. Very simply, § 52-557n (a) applies to municipalities and governmental units but not employees or individuals. Therefore, this court concludes that for purposes of § 52-557n, boards of education fall within the definition of the term "political subdivision."
Accordingly, the plaintiffs' motion to strike the defendants' fifth special defense is denied with respect to the defendant Board of Education.
2. General Statutes § 52-557n (b)(6)
The plaintiffs contend the Supreme Court's recent decision inElliot v. Waterbury, supra, 245 Conn. 385 (1998), renders the sixth special defense legally insufficient. For the purposes of CT Page 7340 an appeal, the defendants disagree with the plaintiffs' interpretation of § 52-557n (b)(6). The defendants interpret §52-557n (b)(6) as requiring a heightened causation standard, i.e., that in order to be held liable for damages, they must have been the "direct and immediate" cause of the harm suffered. Any other reading, the defendants claim renders § 52-557n (b)(6) meaningless.[6]
Notwithstanding General Statutes § 52-557n (a), § 52-557n (b) (6)[7] protects municipalities and their employees from liability for damages resulting from "the act or omission of someone other than an employee, officer or agent of the political subdivisions." See General Statutes § 52-557n (b)(6). This provision does not, however, "provide any additional immunity to municipal defendants from such actions, beyond that provided already by the doctrine of governmental immunity." Elliot v.Waterbury, supra, 245 Conn. 335. 405.
While the court agrees with the plaintiffs that the holding in Elliot binds this court's determination regarding the scope of immunity available to the defendants, i.e., § 52-557n (b)(6) offers no additional immunity with respect to their own negligence, the defendant's sixth special defense merely recasts the immunity (governmental) previously asserted in their legally sufficient first special defense. The proper means for eliminating redundant special defenses is through a motion to revise. See Practice Book § 10-35.
Accordingly, the plaintiffs' motion to strike the defendants' sixth special defense is denied.
 Conclusion
For the foregoing reasons, the plaintiffs' motion to strike the defendants' second and third special defenses is granted; the plaintiffs' motion to strike the defendants' fifth special defense with respect to defendants Larson, Balisciano and Vinci is granted and with respect to the defendant Board of Education denied; and the plaintiffs' motion to strike the defendants' sixth special defenses is denied.
It is so ordered.
Elaine Gordon Judge of the Superior Court CT Page 7341