[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT SHELTON'S MOTION TO STRIKE (#164)
The defendant Town of Shelton ("Shelton") has moved to strike count thirteen of the amended complaint dated September 25, 2001. The plaintiff Fiore J. Bruno ("Bruno") brought an action in August 2000 against Shelton, adjacent property owners and a real estate developer claiming, as to Shelton, that it negligently approved the development and construction of a subdivision in a manner which caused excessive surface water runoff onto Bruno's property. On November 23, 2000, Shelton filed a motion to strike the count against it, claiming both immunity from liability and that the action was time-barred. On September 14, 2001, the court (Arnold, J.) issued a memorandum of decision granting the motion to strike on the ground of the statute of limitations only and rejecting the plaintiffs claim that there was a continuing course of conduct because it was not alleged in the complaint. The court did not address Shelton's claim that it was immune from liability. On September 25, 2001, Bruno filed an amended complaint against Shelton. On October 29, 2001, Shelton moved to strike the amended complaint claiming that it is immune from liability under the common law doctrine of governmental immunity and pursuant to General Statutes §§ 52-557n (b)(7) and 52-557n (b)(8).[1]
"[A] motion to strike challenges the legal sufficiency of a pleading. . . ." (Internal quotation marks omitted.) Doe v. YaleUniversity, 252 Conn. 641, 667, 748 A.2d 834 (2000); see also Practice Book § 10-39. The court "must take as true, the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Peter-Michael,Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. (Internal quotation marks omitted.)Doe v. Yale University, supra, 252 Conn. 667. "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Id. "A motion to strike, [however], is properly granted if the complaint alleges mere conclusions CT Page 6746 of law that are unsupported by the facts alleged." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992).
In the amended complaint,[2] Bruno's claim against Shelton is that, after it negligently approved a subdivision known as Sunset Ridge and negligently issued certificates of occupancy for certain lots which abut the plaintiffs property in part, it owed a continuing duty to the plaintiff to oversee the development of the subdivision, including grading, improvements, construction of improvements, drainage facilities, silt fences and dry wells on the abutting lots, in order to prevent excess water from flowing onto plaintiffs property and that it failed to enforce the terms of the development as approved causing harm to the plaintiff Amended Complaint, Count Thirteen, ¶¶ 16, 17, 19. The amended complaint also alleges that the plaintiff was an identifiable victim subject to imminent harm if Shelton breached this duty. Id., ¶ 18. It farther alleges that Shelton "knew or should have known" that increased water runoff damaging to Bruno's property would occur as a result of work done by the developer or lot owners contrary to the subdivision approval and Shelton's regulations. ¶ 20.[3]
Shelton maintains these allegations are insufficient as a matter of law to state a cause of action against it that survives the defense of governmental immunity. It is appropriate to raise a question of governmental immunity by way of a motion to strike. Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). "The general rule is that governments and their agents are immune from liability for acts conducted in performance of their official duties. The common-law doctrine of governmental immunity has been statutorily enacted and is now largely codified in General Statutes § 52-557n. A defendant is entitled to judgment as a matter of law if the duties allegedly breached required the exercise of judgment or discretion, in some measure, by the governmental employee." Bonamico v. Middletown, 47 Conn. App. 758, 761,706 A.2d 1386 (1998). "The hallmark of a discretionary act is that it requires the exercise of judgment. On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action. . . . Although the determination of whether official acts or omissions are ministerial or discretionary is normally a question of fact for the fact finder . . . there are cases where it is apparent from the complaint." Lombard v.Edward J. Peters. Jr., P.C., 252 Conn. 623, 628, 749 A.2d 630 (2000);Mulligan v. Rioux, 229 Conn. 716, 727, 643 A.2d 1226 (1994).
Bruno's claim against Shelton is that it had a continuing duty to him to oversee the development and improvements of the subdivision and it breached that duty by failing "to enforce the development, improvements, CT Page 6747 and drainage" in accordance with the subdivision approval and its regulations. Essentially, Bruno's claim is that Shelton owed him a duty to monitor the work of the developer and the lot owners and prevent them from filling; grading and improving the lots in a manner that caused increased storm surface water although Bruno also alleges both that Shelton was negligent in its original approval, ¶ 19, and that the developer and lot owners filled, graded and improved the lots in a manner "contrary to the terms of the Subdivision approval" and Shelton's regulations. ¶ 20.
In the first instance, the court is hard pressed to conclude, as a matter of law, that Shelton owed any duty to Bruno. "The law does not recognize a `duty in the air.'" (Citations omitted.) Gordon v. BridgeportHousing Authority, supra, 208 Conn. 171. Under the plaintiffs theory, once a municipality has approved a subdivision it could be potentially held liable, at any time in the future, for essentially not doing enough to prevent harm from occurring when the developer and landowners act in a manner contrary to the terms of the approval. As a matter of policy, recognizing such a duty would impose an intolerable burden on municipal government. While a municipality has the authority to enforce its zoning regulations, see General Statutes § 8-12, it cannot be compelled to take enforcement action nor should it be held liable to private individuals for failing to do so.[4]
Furthermore, the enforcement of zoning regulations is a quintessential discretionary governmental function performed solely for the direct benefit of the public.[5] See Shore v. Stonington, 187 Conn. 147, 153,444 A.2d 1379 (1992). Enforcement of zoning regulations, including subdivision approval, requires the appropriate municipal official to exercise his or her judgment as to whether a violation exists and, if so, what enforcement action, if any, to take. See Evon v. Andrews,211 Conn. 501, 506, 559 A.2d 1131 (1989). Thus, unless an exception to the governmental immunity doctrine is pled, the plaintiffs cause of action must fail. Bruno maintains that the allegations of count thirteen satisfy the identifiable victim/imminent harm exception.
Bruno has alleged that he was an identifiable person subject to the following imminent harms: "water runoff [that] would bring oil and other pollutants to his property, endanger his well water . . . undermine and erode [his] basement and house, the trees and plants on his property, and in all likelihood cause them to fall and injure [him] or cause [him] to fall and become injured and . . . endangered [his] mental and physical health." (Amended Complaint, Count Thirteen, ¶ 18.) Assuming, without deciding, that as an abutting landowner Bruno would fall into the category of an identifiable person within a foreseeable class of victims, the question is whether these allegations suffice to establish CT Page 6748 imminent harm.
Imminent harm has been defined as "harm ready to take place within the immediate future." Tryon v. North Branford, 58 Conn. App. 702, 712,755 A.2d 317 (2000). Imminent harm requires the existence of a dangerous condition that is "limited in duration and geographical scope" and that the risk of harm be "significant and foreseeable." Purzycki v.Fairfield, 244 Conn. 101, 110, 708 A.2d 937 (1998); Burns v. Board ofEducation, 228 Conn. 640, 650, 638 A.2d 1 (1994). The logic of this exception is that municipal officers only have a duty to a foreseeable victim to protect against "dangers that may be anticipated." Id.,228 Conn. 649. On the other hand, where a danger can occur at any time in the future or not at all, there is no imminence and no duty. Evon v.Andrews, supra, 211 Conn. 508.
The dangerous condition that Bruno alleges is storm surface water that floods his property causing the harms that Bruno has alleged in his complaint. The condition of storm surface water is not limited in duration or geographical scope. The harms alleged, such as erosion and pollution, are ones that can occur at any time or not at all, depending on the weather conditions, and are also harms against which Bruno can protect himself. See Burns v. Board of Education, supra, 228 Conn. 647-48 (such factors as the "seriousness of the injury threatened; the duration of the threat of injury; and whether the persons at risk had the opportunity to protect themselves from harm" can be considered in assessing the identifiable victim/imminent harm exception.) These allegations do not rise to the level of imminence which would impose a duty on Shelton to act to protect the plaintiffs property. Evon v.Andrews, supra, 211 Conn. 508.
Bruno argues, however, that the allegations of paragraph 20 of the amended count against Shelton fall within the statutory exception to immunity provided when a municipality has had notice that the property has a violation of law or contains a hazard to health or safety. General Statutes § 52-557n (b)(8).[6] In paragraph 20, Bruno alleges that Shelton "knew or should have known of the increased amount and increased force and concentration of water runoff and the invasion and depositing of earth, oil, pollutants and debris" onto his property. This allegation, Bruno maintains, suffices to establish that Shelton had the requisite notice of the violation of law or hazard to health and safety to support the statutory exception. The difficulty with Bruno's position is that increased storm surface water, even water containing soil, silt, pesticides and debris, is not, in itself, a violation of law or a hazard to health and safety. Bruno has failed to allege sufficient facts to fit within the narrow exception provided by § 52-557n (b)(8). CT Page 6749
Statutes such as § 52-557n (b)(8) that hold municipalities liable in derogation of the common law must be narrowly construed. See Prato v.New Haven, 246 Conn. 638, 647, 717 A.2d 1216 (1998). Section 52-557n (b) generally specifies the ten "situations in which both municipalities and their officers are immune from tort liability." Sanzone v. Board ofPolice Commissioners, 219 Conn. 179, 185, 592 A.2d 912 (1991). The overarching theme of the last three provisions of subsection (b), that is §§ 52-557n (b)(8) — (10), is to shield "municipalities and their officers, employees and agents from liability in specific circumstances where damages have been caused largely by outside forces or actors."Elliott v. Waterbury, 245 Conn. 385, 396, 715 A.2d 27 (1998). This is precisely the nature of Bruno's claim against Shelton — that it knew or should have known that increased water runoff damaging to Bruno's property would occur as a result of work done by the developer or lot owners contrary to the subdivision approval and Shelton's regulations. (Count thirteen, ¶ 20.) To hold Shelton liable under these circumstances would contravene the legislature's intent to provide immunity to municipal defendants for the actions of third parties or for natural events outside their control.[7]
For all the reasons stated above, the court concludes that Shelton is immune from liability under the common law and the provisions of General Statutes § 52-557n (b). Accordingly, the motion to strike count thirteen of the amended complaint is granted.
 ___________________ LINDA K. LAGER, JUDGE