[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
FACTS
On January 19, 2000, Tynesha Pridgen was a passenger in a motor vehicle driven by Taneisha Smith. Ms. Smith's vehicle was involved in an accident with a State Police cruiser driven by Michael O'Leary at the intersection of Capital Avenue and Oak Street in Hartford. Each vehicle entered the intersection from different directions at the same time. At the time the vehicles entered the intersection Hartford Police officers were directing traffic at the intersection due to an earlier, unrelated accident. Ms. Smith entered the intersection at the same time that a Hartford Police officer directed Trooper O'Leary to enter the intersection and a collision ensued. Ms. Smith has filed a cross claim dated September 24, 2001 seeking indemnity from the City of Hartford and its various police officers if she is found to be responsible to the plaintiff, Ms. Pridgen. The City and its officers have moved to strike Ms. Smith's cross claim.
Essentially the City and its officers make two claims. The City first claims that the municipality is immune from common-law indemnification and second, even in the absence of such immunity, that Smith has failed to allege facts sufficient to establish the elements necessary to maintain an action in common-law indemnification.
 DISCUSSION Immunity
Personal injury actions against municipalities are specifically authorized by § 7-465 of the Connecticut General Statutes. In order to avail herself of this waiver of immunity, the Plaintiff in the cross claim must allege and prove that she gave "written notice of the intention to commence such action and of the time when, and the place where, the damages were incurred or sustained . . . with the clerk of CT Page 1523 such municipality within 6 months after such cause of action has accrued . . ." The plaintiff has not alleged the giving of such notice and concedes that no such notice was given. Since the plaintiff has failed to allege the requisite notice, the matter should be stricken to the extent it relies on § 7-465. Macleod v. Milford, 25 Conn. Sup. 70, 72
(1963).
The cross-claim plaintiff might also avoid municipal immunity by utilizing the authority found in § 52-557n of the General Statutes. This section allows an action against a town, but not for discretionary acts by its employees. The parties appear to agree that the acts in the instant case were discretionary.
"The hallmark of a discretionary act is that it requires the exercise of judgment. On the other hand, ministerial acts are performed in the prescribed manner without the exercise of judgment or discretion as to the propriety of the action . . ." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 167-68 (1988). There can be no real question that the actions of the officers in this case were discretionary acts.
Our Supreme Court has recognized an exception to the immunity for discretionary acts when the harm is to identifiable individuals and a narrowly defined class of foreseeable victims. Burnes v. Board ofEducation, 228 Conn. 640, 646 (1994).
"In delineating the scope of a foreseeable class of victims exception to governmental immunity, our courts have considered numerous criteria, including the imminency of the potential harm, the likelihood that harm will result from a failure to act with reasonable care, and the identifiability of the particular victim." Burnes v. Board of Education,supra 647.
Most of the cases concerning imminent harm to identifiable class have concerned school children. Burnes v. Board of Education, 228 Conn. 640
(1994). Purzycki v. Fairfield, 244 Conn. 101 (1998). Bonamico v.Middletown, 47 Conn. App. 758 (1998).
Evron v. Andrews, 211 Conn. 501 (1989), is a case which examined the imminent harm exception for discretionary acts in a non-school setting. In Evron the plaintiff's decedent filed an action against the City of Waterbury and its officers claiming that they had been negligent in failing reasonably to inspect and to enforce statutes concerning the maintenance of a municipal rental unit that the decedent was occupying when it was destroyed by fire. The Supreme Court concluded that the allegations did not rise to the level of "discrete person/imminent harm" CT Page 1524 so as to come within the exception.
The Court is of the opinion that when police officers are directing traffic at an accident scene at a busy intersection in the City of Hartford, the plaintiff has not sufficiently alleged an identifiable person subject to an imminent harm to come within the exception.
The Motion to Strike is granted because the claim for indemnity is barred by municipal immunity.
 Common-Law Indemnity
Ordinarily there is no right of indemnity or contribution between joint tortfeasors. Kaplan v. Merberg Wrecking Corp., 152 Conn. 405 (1965). If a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the action or primary negligence of the party against whom reimbursement is sought. [Internal quotation marks omitted.] Burket v. Petro Plus of Naugutuck, Inc.,216 Conn. 65, 74.
In Weintraub v. Richard Dahn, Inc., 188 Conn. 570, 573, the Supreme Court set forth a four-part test to determine an entitlement to common-law indemnity. Those elements are:
 1. That the other tortfeasor was negligent. 2. That his negligence rather than the plaintiff's was a direct immediate cause of the accident and injuries.
 3. That he was in control of the situation to the exclusion of the plaintiff.
 4. That the plaintiff did not know of such negligence, had no reason to anticipate it and could reasonably rely on the other tortfeasor not to be negligent.
Relying on the Supreme Court opinion in Skuzinski vs. Bouchard Fuels,Inc., 240 Conn. 694 (1967), the Court expresses skepticism whether the police officers in question were exercising exclusive control over the area. Additionally, courts have been reluctant to extend indemnification to accidents involving motor vehicles. See Keller v. Irizarry,27 Conn.L.Rptr. 242, 2000 Conn.Supr. Lexus 1654 (May 8, 2000).
The Court agrees with the cross-complaint defendant that the cross-complaint plaintiff has failed to state a claim for common-law CT Page 1525 indemnity.
 CONCLUSION
The Motion to Strike is granted because the City and its employees are protected by municipal immunity and further because the complaint does not state an action for common-law indemnity against a joint tortfeasor.
BY THE COURT
Kevin E. Booth, J. CT Page 1526