[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiffs, Theodore Dezso, Patricia S. Dezso, and Theodore's Incorporated, filed a single count complaint sounding in common law negligence against the defendant, the First Taxing District of the City of Norwalk. The plaintiffs allege, in sum, that the defendant negligently maintained, inspected, and/or repaired a water main which burst and caused damage to the plaintiffs' property.
The defendant filed a motion for summary judgment, memorandum of law, and documentation in support of the motion. This court previously denied the motion for summary judgment and the defendant's subsequent motion to reargue. On March 3, 1998, however, the Supreme Court decided Williams v. New Haven,243 Conn. 763, (1998). The Williams decision compels this court to revisit, sua sponte, the issues presented by the defendant's motion for summary judgment.
The defendant, in its motion, argued simply that "[t]he plaintiffs' claims are barred by the doctrine of municipal immunity." Summary judgment is granted only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Practice Book § 384;Suarez v. Dickmont Plastics Corp. , 229 Conn. 99, 105,639 A.2d 507 (1994); Telesco v. Telesco, 187 Conn. 715, 447 A.2d 752
(1982).
"[A] municipality enjoys governmental immunity for common-law negligence unless a statute has limited or abrogated that immunity." Williams v. New Haven, supra, 243 Conn. 769. Where "[t]he plaintiffs do not rely on any such statute, and . . . have failed to name an agent, officer or employee of the municipality and to invoke indemnification pursuant to § 7-465 . . . [t]he doctrine of governmental immunity . . . is fatal to their cause of action against the defendant."
In the present case, the complaint sounds solely in common law negligence. The plaintiffs fail to invoke any statute which abrogates immunity. And, the plaintiffs do not name any individual employee of the defendant in order to invoke indemnification. Prior to the Williams decision, this was not necessarily a fatal omission. It is clear now, however, that the plaintiffs' action cannot stand.
The court vacates its decision dated January 23, 1998 denying CT Page 2523 the defendant's motion for summary judgment. Rather, based on the Supreme Court's decision in Williams v. New Haven, supra,243 Conn. 763, the defendant's motion for summary judgment is granted.
D'ANDREA, J.