[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants, Steven R. Phelps, Joseph Z. Erardi, the town of Killingly, and its Board of Education move for summary judgment claiming governmental and qualified governmental immunity. The plaintiffs Elrich Reynolds and his mother, Kimberly Dootson, bring this action against Phelps, Elrich's physical education teacher; Erardi, his school principal; the town, and the school board seeking damages for injuries he allegedly received during physical education class.
The first count of the complaint avers that Phelps negligently supervised a wrestling match between Reynolds and another student wherein Reynolds was thrown to the gymnasium CT Page 8296 floor striking an area of the floor which became exposed when two wrestling mats separated. The claims of negligence specify an improper pairing of contestants, improper lookout, and unsafe equipment. The second count asserts that the principal, Erardi, negligently failed to safeguard Reynolds by keeping the premises and equipment safely supervised. The third count is an indemnification claim, against the town under G.S. § 7-465
for liability Phelps may incur. The fourth count alleges direct liability of the town under G.S. § 52-557n. The fifth and sixth counts are indemnification claims I against the school board under G.S. § 10-235 for any liability of Phelps and Erardi. Counts seven through twelve are parallel claims made by Reynolds's mother for expenses incurred by her with respect to her son's injury.
 I
As to the first and seventh counts. the parties agree that Phelps' supervision of the wrestling match in question was the exercise of a public, discretionary duty by Phelps. The parties also concur that Phelps, therefore, has qualified governmental immunity unless this matter falls within the exception to such immunity for behavior by a municipal employee which is likely to subject an identifiable person to imminent harm under the doctrine established by Sestito v. Groton,178 Conn. 520, 528 (1979).
The identifiable person aspect of this exception to qualified immunity embraces a narrowly defined, identifiable group of foreseeable victims. Burns v. Board of Education,228 Conn. 640, 646 (1994); Bonamico v. Middletown,47 Conn. App. 758, 761 (1998). The defendants concede that Reynolds, as a student in the gym class, was a member of such an identifiable group.
Phelps contends that the injuries sustained by Reynolds were the result of action by another student his wrestling opponent, who threw Reynolds to the ground, and that § 52-557n(b) (6) confers immunity upon Phelps for any injuries which were sustained. That subsection absolves municipal employees from liability if the damage to person resulted from"the act or omission of someone other than an employee. . . ." The court rejects this argument.
The allegations of the complaint include claims that CT Page 8297 Reynolds' injury occurred because of the absence of the shock absorbing mat at the point where Reynolds struck the floor. The bout was sanctioned by Phelps as part of physical training and was not a fight unrelated to education which happened to break out on school property. The objective of wrestling is to subdue and pin one's opponent by maneuvers and throws.
The pleadings and affidavits submitted reveal that a genuine factual dispute exists as to, causation. Qualified immunity remains a matter for a trier-of-fact to resolve after the presentation of evidence. The motion for summary judgment is denied as to the first and seventh counts.
 II
Counts two and eight allege negligence attributable to the principal, Erardi. The undisputed facts gleaned from the complaint and the affidavits submitted are that Phelps was assigned by Erardi to supervise the gym class at which Reynolds was purportedly injured. Phelps had the discretion to establish the method and manner of conducting that class. Phelps decided who would participate, where, and with what equipment. It was Phelps' alleged inattention and misjudgment which resulted in Reynold's injury.
In order to remove the protection of qualified immunity from Erardi, the plaintiffs must demonstrate that Reynolds was a member of a discrete, identifiable class exposed to imminent harm from Erardi's exercise of discretion. Bonamico v.Middletown, supra. Consequently, the court must determine whether Reynolds was a member of a discrete class exposed to imminent harm as a result of Erardi's decision to have Phelps supervise the class.
The plaintiffs rely on the recent case of Purzycki v.Fairfield, 244 Conn. 101 (1998), to support the conclusion that there exists a genuine issue of fact concerning this exception to qualified immunity. The court disagrees.
In Purzycki, supra, the superintendent of schools was denied such immunity under circumstances where one young child was tripped by another while the children frolicked in an unsupervised hallway on the way to recess. It was schoolpolicy to leave the hallways unmonitored during such daily migrations. Our Supreme Court held that "because the school CT Page 8298 administrators . . . had reason to foresee the danger that could occur on a daily basis, " id., 111, the school administration faced liability for maintaining a policy of unsupervised hallways.
In sharp contrast, in the present case Erardi assigned Phelps to supervise Reynold's class and his physical education. The plaintiffs submitted nothing contradicting the fact that Erardi made such an assignment of supervision. That harm might befall Reynolds because Phelps allegedly performed inadequately at this duty is the kind of remote, generalized danger which our Supreme Court found insufficient to undermine qualified immunity inEvon v. Andrews, 211 Conn. 501, 506 (1989). There is no allegation by the plaintiffs that Erardi ought to have been aware of any propensity to shirk this responsibility on the part of Phelps. Erardi neither adopted nor condoned any policy leaving, me students unsupervised, as was the case in Purzycki,supra.
In Evon v. Andrews, supra, the plaintiffs claimed that municipal employees failed to conduct reasonable, safety inspections and issue orders to enforce safety provisions which may have prevented a fire which tragically killed the plaintiffs' decedents. Our Supreme Court ruled that the risk that at some unspecified, future date a fire might ignite at the tenement building in question failed to subject the tenants of that building to imminent harm, a necessary factor to remove the municipal employee's qualified immunity. Id., 507. The court quoted approvingly, "the adoption of a rule of liability where some kind of harm may happen to someone would cramp the exercise of; official discretion beyond the limits desirable in our society." Id., 508.
The allegations against Erardi, as a principal who undisputedly assigned a teacher to supervise Reynolds' activities, are so remote from the claimed injury, striking an unpadded portion of floor during a wrestling bout, that the court holds, as a matter of law, Reynolds was not subject to imminent danger from Erardi's, as opposed to Phelps', exercise of discretionary duty. Erardi's decision to have Phelps supervise the gym class is just the type of official action that ought not be "cramped" by fear of liability.
The motion for summary judgment is granted as to the second and eighth counts. CT Page 8299
 III
The third and ninth counts of the complaint allege municipal liability under § 7-465. This statute imposes no direct liability upon a municipality, rather it requires the town to indemnity its I employee to the extent the employee may be liable for damages to others arising out of that employment. Wu v.Fairfield, 204 Conn. 435, 438.
The invocation of § 7-465, therefore, necessitates an analysis of municipal employee liability. Having determined in Section I of this decision that summary judgment ought to be denied regarding Phelps, because a genuine factual dispute persists as to his qualified immunity, summary judgment is inappropriate as to these counts which are derivative of Phelps' liability.
 IV
The fourth and tenth counts of the complaint allege direct municipal liability under § 52-557n for Reynolds' injuries. Section 52-557n codifies and limits the common law doctrines of municipal liability and governmental immunity. Sanzone v.Board of Police Commissioners, 219 Conn. 179, 192 (1991). Subsection 52-557n(a)(2)(B) expressly immunizes municipalities from liability for damages caused by "negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."
The plaintiffs concede that the negligent acts alleged were the result of discretionary decision on the parts of Phelps and Erardi. Thus, § 52-557n explicitly confers immunity upon the town of Killingly against direct liability for such acts. Unlike municipal employee liability, and municipal indemnification therefore under § 7-465, § 52-557n affords no exception to governmental immunity for subjecting individuals to imminent harm. Sanzone v. Board of Police Commissioners, supra, 191 and 192. As a matter of law, the plaintiffs cannot prevail, and summary judgment is granted as to the fourth and tenth counts.
 V
Counts five and eleven allege indemnification responsibility CT Page 8300 as to the Killingly Board of Education under § 10-235 based on the direct liability of Phelps. Again, because summary judgment has been denied as to Phelps in count one as discussed in Section I of this decision, summary judgment must be denied as to these counts.
 VI
Counts six and twelve allege indemnification responsibility on the part of the school board under § 10-235 premised on the direct liability of Erardi. Having granted summary judgment in Erardi's favor in Section II of this decision, summary judgment is also granted as to these counts.
To recapitulate, he court grants summary judgment for the defendants as to the even-numbered counts and denies the motion as to the odd-numbered counts.
SFERRAZZA, J.