[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO STRIKE
The plaintiff has commenced this action on behalf of herself and her minor son against the City of Waterbury and the other defendants for injuries and damages they sustained when the cubby hole coat closet in the son's pre-school classroom fell on him as he was retrieving his coat from said closet.
The ten counts of the plaintiffs' Third Amended Complaint dated March 1, 1999, include allegations of negligence and carelessness and nuisance against one or more of the defendants. Several of the counts contain indemnity claims against the defendant City of Waterbury for the actions of its agents or employees.
The defendants have moved this court to strike all of the counts in the plaintiffs' Third Amended Complaint for the reason that they fail to state claims upon which relief may begranted.
Count one is brought against the defendant, Board of Education CT Page 2848 for the City of Waterbury (hereinafter "the Board"), and alleges negligence and carelessness by the Board, its agents, servants and/or employees in a variety of ways relating to the care and supervision of the minor plaintiff, as well as the care and maintenance of the cubby hole. Count two seeks indemnification from the defendant, City of Waterbury (hereinafter "the City"), for the negligence and carelessness of the Board, its agents, servants and/or employees, pursuant to General Statutes §10-235.
Counts three and five are brought against the defendants, Susan Normandin, a teacher at Wilby, and Mary Ann Daukas, a supervisor of special education at Wilby, respectfully, and sound in negligence and carelessness in relation to the above mentioned injury of the minor plaintiff. Counts four and six seek indemnity from the City for the alleged negligence and carelessness of Normandin and Daukas, pursuant to General Statutes § 7-465.
Count seven alleges nuisance against the Board and Normandin, and is brought pursuant to General Statutes § 52-557n(c).[1] Count eight seeks indemnity for the actions of the Board and Normandin from the City, pursuant to § 7-465. Count nine alleges that the City itself was negligent and careless, and count ten further alleges that the City created a nuisance, pursuant to § 52-557n(c).
On July 9, 1999, the defendants filed a motion to strike all ten counts of the plaintiffs' complaint and a memorandum of law in support. The plaintiffs filed an objection to the motion to strike on November 4, 1999 and a memorandum of law in support.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). The court "must take as true the facts alleged in the plaintiffs complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." Id. "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp. , 231 Conn. 381,383 n. 2, 650 A.2d 153 (1994). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Pamela B. v.Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998). CT Page 2849
In most cases, governmental immunity must be plead as a special defense, pursuant to Practice Book § 10-50. Where, however, "it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant [is] not required to plead governmental immunity as a special defense and [may] attack the legal sufficiency of the complaint through a motion to strike." Brown v. Branford,12 Conn. App. 106, 111 n. 3, 529 A.2d 743 (1987). "Notwithstanding the procedural posture of a motion to strike, [the] court has approved the practice of deciding the issue of governmental immunity as a matter of law." Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
COUNTS ONE AND TWO
The plaintiffs allege in count one that the Board, its agents, servants and/or employees were negligent and careless in a variety of ways relating to the care and supervision of the minor plaintiff, as well as the care and maintenance of the cubby hole. The defendants move to strike count one of the plaintiffs' complaint on the ground that the plaintiffs have failed to allege any statutory authority which abrogates governmental immunity.
In support of this motion, the defendants contend that since the plaintiffs fail to cite to a statutory exception to governmental immunity, and further since they are not seeking to enforce § 10-235 by making the Board a party defendant only for the purposes of indemnification, the plaintiffs are essentially seeking to enforce a direct claim against the Board in derogation of its rights of governmental immunity at common law. Although the plaintiffs do cite to § 7-465, the defendants contend that a board of education is not an "employee" under this section.
In opposition, the plaintiffs contend that count one seeks liability pursuant to § 52-557n, thus there is no reason to name an individual defendant agent for whom indemnification is being claimed. Although the plaintiffs may not have expressly mentioned § 52-557n by name, they assert that their pleadings clearly indicate upon which statute they were relying.
"[I]t is the settled law of this state that a municipal corporation is not liable for negligence in the performance of a governmental function. . . . This court has previously stated CT Page 2850 that [a] municipality itself was generally immune from liability for its tortious acts at common law; . . . We have also recognized, however, that governmental immunity may be abrogated by statute. . . . Thus, the general rule developed in our case law is that a municipality is immune from liability for negligence unless the legislature has enacted a statute abrogating that immunity." (Citations omitted; internal quotation marks omitted.) Williams v. New Haven, 243 Conn. 763, 766-67,707 A.2d 1251 (1998). The facts of Williams v. New Haven, supra, were such that the plaintiffs brought a cause of action alleging negligence and nuisance against the City of New Haven, for injuries sustained when a minor plaintiff was injured by a high velocity stream of water from a fire hydrant that had been opened by an unauthorized person. The plaintiffs failed, however, to name any agent, employee or officer of the municipality as a defendant. The plaintiffs also failed to rely on any statute abrogating the City's governmental immunity from liability for common law negligence.
The court held that "[b]ecause it is clear that a municipality enjoys governmental immunity from common-law negligence unless a statute has limited or abrogated that immunity, the plaintiffs cannot prevail. The plaintiffs do not rely on any such statute, and they have failed to name an agent, officer or employee of the municipality and to invoke indemnification pursuant to §7-465. The doctrine of government immunity, therefore, is fatal to their cause of action against the defendant." Id., 769.
Since the Supreme Court's decision in Williams v. New Haven, supra, 243 Conn. 763, a split has developed among the judges of the Superior Court on the issue of whether to permit a plaintiff to proceed with a cause of action based upon municipal negligence, even when the pleadings fail to name a statute but are nonetheless clear in their intent of arguing that some statutory scheme operates to abrogate governmental immunity. See e.g., Doe v. Voluntown Board of Education, Superior Court, judicial district of New London at New London, Docket No. 547823 (October 26, 1999, Hurley, Judge Trial Referee) (25 Conn. L. Rptr. 629, 632) ("the plaintiff . . . does not cite to any statutory abrogation of governmental immunity in her complaint, however, the court and the defendants are aware that the plaintiff seeks to impose liability on the defendant . . . [pursuant to] § 52-557n"); Schon v. Berg, Superior Court, judicial district of Hartford, Docket No. 589083 (September 3, 1999, Booth, J.) ("when . . . the plaintiff has brought an action CT Page 2851 which appears to be within the waive of governmental immunity contained in [§ 52-557n,] even though the plaintiff has not specifically plead that statute, it would be draconian to dismiss the action"); Anderson v. City of New London, Superior Court, judicial district of New London at New London, Docket No. 541273 (March 4, 1999, Hurley, Judge Trial Referee) ("Although the plaintiff . . . does not cite to any statutory abrogation of governmental immunity in her complaint, the court and the defendant are aware that the plaintiff now seeks to impose liability on the defendant under § 52-557n"); but see Ciminov. City of New Haven, Superior Court, judicial district of New Haven at New Haven, Docket No. 382324 (May 26, 1998, Downey, J.) ("[s]ince the plaintiff failed to bring suit against a municipal employee, the [foreseeable person/imminent harm] exception to governmental immunity does not apply. As in Williams, the doctrine of governmental immunity is fatal to the plaintiffs cause of action"); Dezso v. First Taxing Dist. of Norwalk, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 149817 (March 10, 1998, D'Andrea, J.) (21 Conn. L. Rptr. 482, 483) ("the complaint sounds solely in common law negligence. . . . [and] [t]he plaintiffs fail to invoke any statute which abrogates immunity. . . . [T]he plaintiffs do not name any individual employee of the defendant in order to invoke indemnification. . . . It is clear . . . that the plaintiffs' action cannot stand").
Notwithstanding the fact that the plaintiffs have failed to reference any particular statute abrogating governmental immunity in count one, the court finds that they be permitted to proceed with their cause of action The Appellate Court has recognized that express reference to a statute within a pleading is directory, rather than mandatory. See Peerless Ins. Co. v.Tucciarone, 48 Conn. App. 160, 163 n. 3, 708 A.2d 611 (1998). Since it is clear to the court and to the defendants that the plaintiffs seek to impose liability on the Board pursuant to § 52-557n, the defendants' motion to strike count one should be and is denied.
The plaintiffs may not, however, seek indemnity from the City pursuant to § 7-465 without having named any particular individuals or employees in count one. General Statutes §7-465 provides in relevant part: "Any town, city or borough, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality, . . . all sums which such employee becomes CT Page 2852 obligated to pay by reason of the liability imposed upon such employee by law for . . . physical damages to person or property, . . . if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty. . . . `[E]mployee' shall include (1) a member of a town board of education and any teacher, including a student teacher doing practice teaching under the direction of such a teacher, or other person employed by such board . . . ."
The Appellate Court has expressly held that "this language indicates that only individuals and not entire boards are considered to be employees under this section." Kaye v.Manchester, 20 Conn. App. 439, 446, 568 A.2d 459 (1990). Thus, since the plaintiffs fail to name any individual employees of the Board in count one, they cannot seek indemnity from the City for the actions of the Board, pursuant to § 7-465.
Additionally, the defendants move to strike count two on the ground that pursuant to § 10-235, a city is not required to indemnify the Board. The plaintiffs have acknowledged in their objection to the defendants' motion to strike that "[section]10-235 does not require the City to indemnify the Board of Education. Rather, pursuant to C.G.S. § 52-557n(a)(1)(A) the city is liable directly for damages to person or property caused by the negligent acts or omissions of any agent thereof Clearly the Board of Education is the City's agent. The Plaintiff will amend the complaint to fix this typographical error and replace the reference to § 10-235 with reference to § 52-557n(a)(1)(A)." Plaintiffs' Objection to Defendants' Motion to Strike, p. 5. The motion to strike count two of the plaintiffs' complaint is granted.
COUNT THREE AND COUNT FIVE
Counts three and five are brought against the individual defendants, Normandin and Daukas, and sound in negligence and carelessness in relation to the minor plaintiffs alleged injury. The defendants seek to strike these two counts on the ground that these defendants are shielded by the doctrine of governmental immunity.
"The doctrines that determine the tort liability of municipal CT Page 2853 employees are well established." Burns v. Board of Education,228 Conn. 640, 645, 638 A.2d 1 (1994). "Although municipalities are generally immune from liability in tort, municipal employees historically were personally liable for their own tortious conduct. . . . The doctrine of governmental immunity has provided some exceptions to the general rule of tort liability for municipal employees. [A] municipal employee.. has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act." (Citations omitted; internal quotation marks omitted.) Purzycki v. Fairfield, 244 Conn. 101, 107, 708 A.2d 937
(1998). The word ministerial "refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." (Internal quotation marks omitted.) Burns v.Board of Education, supra, 645. "[T]he ultimate determination of whether qualified immunity applies is ordinarily a question of law for the court . . . ." (Internal quotation marks omitted.)Purzycki v. Fairfield, supra, 244 Conn. 107.
"The immunity from liability for the performance of discretionary acts by a municipal employee is subject to three exceptions or circumstances under which liability may attach even though the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm;.., second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws; . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Citations omitted.) Evon v. Andrews,211 Conn. 501, 505-06, 559 A.2d 1131 (1989). The Connecticut Supreme Court has "construed [the first] exception to apply not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims." Burns v. Board ofEducation, supra, 228 Conn. 646. Moreover, the court has established specifically that schoolchildren who are statutorily compelled to attend school, during school hours on school days, can be an identifiable class of victims. See id., 650. The duty to supervise school children has been held to be a discretionary, rather than a ministerial, duty. See Heigl v. Board of Education,218 Conn. 1, 8, 587 A.2d 423 (1991).
Since, it is clear that the supervision of school children is a discretionary duty, the defendants contend that they are shielded by the doctrine of governmental immunity, to the extent that none CT Page 2854 of the noted exceptions apply. The plaintiffs acknowledge that any duty owed by the defendants to the minor plaintiff was discretionary in nature. To succeed in their claim of liability, therefore, the plaintiffs must be entitled to recover within one of the exceptions to a municipal employee's qualified immunity for discretionary acts. The only exception that is of relevance to the present case is the exception permitting a tort action in circumstances of apparent imminent harm to an identifiable person.
Since the Connecticut Supreme Court has previously determined that a class of school children may compose an "identifiable victim" for purposes of the exception to the doctrine of governmental immunity; see Burns v. Board of Education, supra,228 Conn. 646; the remaining issue for the court to decide is whether the minor plaintiff was a "subject to imminent harm" on the date and at the time of the alleged accident. If the minor plaintiff was not subject to imminent harm, then the individual defendants are entitled to governmental immunity.
"`Imminent' has been interpreted as requiring more than an event which could have occurred at any time in the future or not at all. . . . Whether it is apparent to the defendants that their acts or failure to act subjected the plaintiff to imminent harm is normally a question of fact. . . . Nonetheless, the initial determination of whether a party has sufficiently alleged that the imminent harm exception applies in the first instance is to be decided by the court as a matter of law." Tryon v. Town ofNorth Branford, Superior Court, judicial district of New London at New London, Docket No. 539713 (December 16, 1998, Mihalakos,J.). Where an injury could have occurred at some point or not at all, the Supreme Court rejects the argument that an injured party was a readily identifiable person subject to imminent harm. SeeEvon v. Andrews, supra, 211 Conn. 508. In sum, the test for the imminent harm exception is whether there was a foreseeably dangerous condition that was limited in duration and geographical scope. See Purzycki v. Fairfield, supra, 244 Conn. 110. Whether this exception applies to the present action requires discussion of three relevant Connecticut Supreme Court cases.
In Evon v. Andrews, supra, 211 Conn. 501, the plaintiffs sought damages for the wrongful death of their decedents who were killed when a fire destroyed their apartments, of particular note, count five of the plaintiffs' complaint alleged that the city of Waterbury and certain city officials were negligent in either CT Page 2855 failing to properly inspect the premises or to take remedial action to correct the deficiencies. The Connecticut Supreme Court affirmed the trial court's ruling that the acts complained of in count five did not fall within the "identifiable victim/imminent harm" exception for governmental immunity for discretionary acts. The court determined that "[t]he risk of fire implicates a wide range of factors that can occur, if at all, at some unspecified time in the future... [T]he plaintiffs' decedents were not subject to imminent harm. [T]he fire could have occurred at any future time or not at all. . . . [T]he adoption of a rule of liability where some kind of harm may happen to someone would cramp the exercise of official discretion beyond the limits desirable in our society." (Citations omitted.) Id., 508.
In Burns v. Board of Education, supra, 228 Conn. 640, the minor plaintiff fell due to icy conditions in the school courtyard. The court determined that the "identifiable victim/imminent harm" exception applied. The court stated: "In this case, the plaintiff school child slipped and fell due to icy conditions on a main access way of the school campus, during school hours, while the child was compelled by statute to be on those school grounds. Unlike the incident in Evon v. Andrews, supra, 211 Conn. 501, this accident could not have occurred at anytime in the future; rather, the danger was limited to the duration of the temporary icy condition in this particularly "treacherous" area of the campus. Further, the potential for harm from a fall on ice was significant and foreseeable." Id., 650.
Lastly, in Purzycki v. Fairfield, supra, 244 Conn. 101, the minor plaintiff was injured when he was tripped by a fellow student in an unsupervised school hallway during a one-half hour lunch period recess. It was the school policy to leave the hallway unmonitored during this time period. The court concluded that the danger was limited to the duration of the one-half hour lunch period recess and that the risk of harm was foreseeable in that school administrators were aware that unsupervised children are more likely to run and engage in horseplay leading to injuries.
In the present matter, the plaintiff has alleged that on the date of the alleged accident, the minor plaintiff was officially enrolled and attending classes at Wilby. When the minor plaintiff proceeded to remove his coat from the cubby hole previously assigned to him by his instructors, the cubby hole fell, landing on his leg. While the defendants contend that the facts of this CT Page 2856 case are similar to those of Evon v. Andrews, supra,211 Conn. 501, the facts are more akin to those in Burns v. Board ofEducation, supra, 228 Conn. 640 and Purzycki v. Fairfield, supra,244 Conn. 101.
The plaintiffs allege, in both counts three and five, that the individual defendants were negligent and careless in a variety of ways, including: (1) failing to properly secure the cubby hole; (2) failing to adequately supervise the plaintiff when removing his jacket from the cubby hole; (3) failing to inspect the cubby hole, although they had reasonable opportunity to do so; and (4) failing to warn of the dangerous conditions of the cubby hole when they knew or should have known of the condition then and there existing. Construing the facts as alleged to be true, and in the light most favorable to the plaintiffs; see Peter-Michael,Inc. v. Sea Shell Associates, supra, 244 Conn. 270; the motion to strike counts three and five must be denied since the facts as alleged would support a cause of action. See Pamela B. v. Ment, supra, 244 Conn. 308.
Additionally, the defendant relies on Reynolds v. Phelps, Superior Court, judicial district of Windham at Putnam, Docket No. 057089 (July 9, 1998, Sferrazza, J.) (22 Conn. L. Rptr. 335) in support of the contention that the defendant Daukas, as the special education supervisor, could not have foreseen that the plaintiff would be subject to imminent harm by her discretion of supervision over the defendant Normandin. The defendants contend that the minor plaintiffs injury was so remote from the defendant Daukas' discretion of supervision of Wilby employees, such as Normandin, the plaintiff clearly was not subject to imminent harm.
In Reynolds v. Phelps, supra, 22 Conn. L. Rptr. 335, the plaintiff was injured during a wrestling match when he was thrown to the floor, striking an area of the floor which became exposed when two wresting mats separated. The plaintiff brought an action against the physical education teacher and the school principal, alleging a failure to safeguard the plaintiff by keeping the premises and the equipment safely supervised. The court found that the school principal who assigned the teacher to supervise the class was not liable because the student was not subject to an imminent danger from the principal's exercise of his discretionary duty. As such, the court granted the motion for summary judgment as to the principal, and stated that the possibility that harm might befall the plaintiff because the CT Page 2857 teacher allegedly performed inadequately at this duty is the kind of remote, generalized danger which the Connecticut Supreme Court found insufficient in Evon v. Andrews, supra, 211 Conn. 506.
The present matter is distinguishable from the factual scenario posed by Reynolds v. Phelps, supra, 22 Conn. L. Rptr. 335. Here, the minor plaintiff was enrolled in a special education program at the Wilby school, which was taught by the defendant Normandin, but directly supervised by the defendant Daukas. The relationship between a special education teacher and the special education department supervisor is certainly closer than that of a teacher and a principal or superintendent.
Moreover, in Reynolds v. Phelps, supra, 22 Conn. L. Rptr. 335, the plaintiffs did not contradict the fact that the principal "specifically assigned" the teacher the duty to supervise the class. The plaintiffs also failed to make an allegation that the principal "ought to have been aware of any propensity to shrink this responsibility on the part of [the teacher.]" Id. In the present case, the plaintiffs clearly allege that both the defendants Daukas and Normandin failed to secure the cubby hole, failed to supervise the children in their use of said cubby hole and failed to warn of any dangerous conditions inherent in the cubby hole, whether they knew or should have known of said conditions. For the foregoing reasons, the defendants' motion to strike count five is denied.
COUNT FOUR AND COUNT SIX
Counts four and six seek indemnification from the City, pursuant to § 7-465, for the above-referenced negligence of the individual defendants Normandin and Daukas. Having found that the individual defendants are not shielded by the doctrine of governmental immunity, and for that reason, having denied the defendants' motion to strike counts three and five, the court further finds that the motion to strike the indemnity counts should be and is therefore denied.
COUNT SEVEN AND COUNT TEN
Counts seven and ten allege nuisance against the Board and Normandin, and the City respectfully, and are brought pursuant to General Statutes § 52-557n(c). The defendants move to strike these counts on the ground that these counts fail to state a claim upon which relief may be granted, since § 52-557n(c) is CT Page 2858 inapplicable, as it applies only to personal liability of uncompensated board members. Furthermore, the defendants move to strike these counts on the additional ground that the plaintiffs have failed to allege that the nuisance complained of was dangerous to the general public. In opposition, the plaintiffs essentially contend that they have adequately stated a claim for nuisance pursuant to § 52-557n(a)(1)(C).
Section 52-557n(c) provides, in relevant part: "Any person who serves as a member of any board, commission, committee or agency of a municipality and who is not compensated for such membership on a salary or prorated equivalent basis, shall not be personally liable for damage or injury occurring on or after October 1, 1992, resulting from any act, error or omission made in the exercise of such person's policy or decision-making responsibilities on such board, . . ." Clearly, this section does not apply to any of the aforementioned defendants. It is submitted, however, that this was a typographical error on the part of the plaintiff who meant to raise this issue pursuant to § 52-557n(a)(1)(C), as opposed to § 52-557n(c). Thus, insofar as the defendants move to strike counts seven and ten on the ground that they are inapplicable to said defendants, the motion to strike should be denied.
Section 52-557n(a)(1)(C) provides, in relevant part: "Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: . . . (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; . . ." "A common-law nuisance claim consists of four core elements: (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the plaintiffs' injuries and damages." (Internal quotation marks omitted.) Elliott v. City of Waterbury, 245 Conn. 385, 420,715 A.2d 27 (1998).
"In addition, because the plaintiffs injury was not related to a right which [the plaintiff] enjoys by reason of [his] ownership of an interest in land; . . . and, therefore, cannot be sustained as a private nuisance, the plaintiff has the additional burden associated with establishing a public nuisance, namely, proving that the nuisance interferes with a right common to the general CT Page 2859 public. . . . Finally, in order to overcome the governmental immunity of municipal defendants where it applies, the plaintiff must prove that the defendants, by some positive act, intentionally created the conditions alleged to constitute a nuisance. Keeney v. Old Saybrook, 237 Conn. 135, 165-66,676 A.2d 795 (1996); Wright v. Brown, 167 Conn. 464, 470,356 A.2d 176 (1975) ("[l]iability in nuisance can be imposed on a municipality only if the condition constituting the nuisance was created by the positive act of the municipality'); . . ." (Citations omitted; internal quotation marks omitted.) Id., 421.
The defendants contend that the complaint is completely devoid of any allegations that the nuisance was dangerous to the public generally or that they are suing as members of the general public. In opposition, the plaintiffs contend they have alleged that the minor plaintiff was exercising a public right by attending classes at Wilby, and that the minor plaintiff was an invitee as a matter of law. As such, the plaintiffs argue that they have sufficiently pleaded counts seven and ten.
Despite the contentions of the parties, however, the plaintiffs have not alleged any facts or offered no evidence that reasonably could be viewed as establishing that the defendants, by some positive act, intentionally created the conditions alleged to constitute a nuisance to the minor plaintiff. See id. Accordingly, counts seven and ten are stricken as they are legally insufficient.
COUNT EIGHT
Count eight seeks indemnity from the City, pursuant to §7-465, for the alleged nuisance maintained by the defendant Normandin. For the same reasons set forth herein above regarding counts seven and ten, the court strikes count eight.
COUNT NINE
Count nine alleges that the City itself was negligent and careless in regards to the maintenance of the cubbyhole. The defendants move to strike this count on the ground that pursuant to § 10-220, the Board is responsible for the maintenance and operation of school buildings, rather than the City. In support of their motion to strike, the defendants also contend that the City did not owe a duty to the minor plaintiff, and as such, CT Page 2860 count nine is legally insufficient.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. . . . The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." (Citations omitted; internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 566, 707 A.2d 15 (1998).
General Statutes § 10-220 provides in relevant part: "Each local or regional board of education . . . shall have the care, maintenance and operation of buildings, lands, apparatus and other property used for school purposes . . . ." Pursuant to this statute, local boards of education are specifically charged with the duty to care for, maintain and operate buildings, lands, apparatus and other property used for school purposes. See Local1186 v. Board of Education, 182 Conn. 93, 100, 438 A.2d 12
(1980); see also Russell v. McKenna, Superior Court, judicial district of New London at New London, Docket No. 541208 (February 26, 1998, Handy, J.) ("[t]he duty, therefore, to maintain school property has been delegated to the Board of Education"); Millerv. City of Stamford, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 144988 (October 2, 1996,Ryan, J.) (17 Conn. L. Rptr. 667) ("[t]he city has no duty to operate and maintain apparatus on school grounds"); Perrault v.City of Stamford, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 126984 (March 17, 1993,Lewis, J.) ("the city has no duties with respect to the operation and maintenance of apparatus on school grounds. . . . [since] [s]uch responsibilities are those of the Board of Education").
Since it is clear that the City was under no duty to operate and maintain apparatus within the Wilby school, such as a cubby hole, the defendants' motion to strike count nine of the plaintiffs' complaint is granted.
 CONCLUSION
For the foregoing reasons, the defendants' motion to strike is denied as to counts one, three, four, five, and six, and granted as to counts two, seven, eight, nine and ten.
By the Court, CT Page 2861
Joseph W. Doherty, Judge