SARAH M. S. *v.* DEPARTMENT OF
CHILDREN AND FAMILIES
(AC 17652)

Spear, Kulawiz and Dupont, Js.

Argued June 1—officially released August 4, 1998

*Tracy Arthur Marlow*, with whom, on the brief, was *John A. Williams*, for the appellant (plaintiff).

*Richard F. Webb*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Kimberly P. Massicotte*, assistant attorney general, for the appellee (defendant).

*Opinion*

DUPONT, J. The sole issue in this case, as stated by the plaintiff, is whether General Statutes § 17a-28 "prohibiting dissemination of information gathered by the department of children and families (department) in all but strictly limited circumstances [should] be enforced as written by the legislature or should new, unprecedented and creative exceptions to statutory law be found?" This "issue," as discussed in the plaintiff's brief, amounts to three arguments.

The plaintiff, the mother of a child who was the subject of a department investigation, argues that the trial court should not have concluded (1) that she was provided with access to all the records relevant to an investigation by the department in a case involving her, (2) that no relevant department records involving her were improperly disclosed to others and (3) that she had not alleged and proved damages for the recovery of attorney's fees, expenditure of her personal time and diminution of her reputation in the community. We affirm the trial court's judgment for the defendant.

The trial court found the following relevant facts. The department received a telephone call from the Childcare Center of Stamford, Inc., reporting a suspected child neglect situation. The call was received after-hours. An investigator was sent to the home of

the plaintiff to investigate. The Greenwich police were notified and were requested by the department to provide a police escort for the investigator. Information as to the allegations of the child care center was provided to the police and reflected in a police report. The plaintiff and the child's father were not at home that night and, therefore, no investigation was made at that time. An investigation was made the following day, and the investigator's report was forwarded to the department's regional office for completion of the investigation. The department sent a letter four days after the first investigation to the plaintiff and the child's father, outlining the nature of the report the regional office had received. The department subsequently concluded its investigation and determined that there was no basis to support the suspected neglect reported by the child care center. The department notified the plaintiff by letter that it could not confirm any neglect or abuse. In that letter, the plaintiff was advised that the department "will be expunging your case from the computer system." The child care center was also notified of the outcome of its referral.

A week after receipt of the letter, the plaintiff sent a letter to a social work supervisor at the regional office of the department requesting, pursuant to General Statutes § 1-19, the Freedom of Information Act, a "copy of all reports and material related to a report of neglect and/or abuse by us of our children." Less than two months elapsed from the date of the telephone call by the day care center to the date of the letter from the plaintiff.

After receipt of the plaintiff's letter, the regional office notified her and the child's father that the records could be reviewed in its office, and an attorney representing the plaintiff subsequently did review the entire file. The plaintiff did not receive a photocopy of the

records, but the department did provide the plaintiff with a photocopy of the substantive portion of the file.

The plaintiff's complaint is brought pursuant to § 17a-28 (m) (1),[1] which authorizes any person aggrieved by violations of certain subsections of § 17a-28 to seek judicial relief in the same manner as provided in General Statutes § 52-146j. The complaint alleges a cause of action for failure to provide photocopies of records and for providing records to unauthorized persons.

The trial court found that the plaintiff was provided with a photocopy of all relevant records and that the plaintiff had not met her burden of proof by a fair preponderance of the evidence that the department refused to provide photocopies of all of the records requested. The court also found that the plaintiff never requested access to or a printout of any records stored on computer and that the computer records had been expunged. Further, the court found that the only document not destroyed was a document noting the time and assignment to an investigator when the complaint from the child care center was first received, and that a photocopy of this document had been provided to the father of the child.

On the basis of our thorough review of the record and exhibits in this case, we conclude that the trial court's findings and conclusions are supported by the evidence and should not be disturbed. We affirm the trial court's conclusion that the plaintiff was provided with access to all of the relevant records.

[1] General Statutes § 17a-28 (m) (1) provides that persons aggrieved by a violation of subsection (b), (e), (f), (g), (h), (i) or (k), or certain provisions of subsection (l) may seek appropriate relief pursuant to § 52-146j, in the event of improper disclosure of records, in the Superior Court for the judicial district in which they reside. Here, the plaintiff claims a violation of several subsections, most notably (b), which prohibits disclosure of department records without the consent of a person named in a record.

The plaintiff also argues that the records that were disclosed to others were statutorily protected. It is her contention that the letter sent to the child care center that had reported the possible child neglect, informing the center that the department would take no intervention action, violated § 17a-28 (f) (7) because no determination was made that the limited disclosure was in the person's best interest. That statute states that the department may inform the reporters of possible child neglect of the outcome of the department's investigation of such neglect, provided that the information disclosed is "limited to (A) the status of the investigation and (B) in general terms, any action taken by the department . . . ." The letter to the reporter in this case contained no information other than the cessation of the investigation and the names of the parents and the child, which the child care center already knew. The trial court found that the letter was an official department form and was sent in accordance with department policy. Implicit in this finding is that the department had determined that it was in the best interest of the plaintiff and the child care center to state that no action would be taken by the department.

The plaintiff also contends that information should not have been disclosed to a department supervisor who took the initial telephone call from the child care center because at the time of the disclosure to her she was not then working for the department. The record in question was mailed to the supervisor, and was a copy of a record she herself had generated and signed when she was working for the department. She was again working for the department when her deposition was taken by the plaintiff. The record was sent to her in preparation for the deposition. We agree with the trial court that on the basis of these facts the disclosure to her was not violative of § 17a-28 (b).

The plaintiff also complains that a disclosure to the Greenwich police was unauthorized. This disclosure

contained details of the allegations of the child care center. Three statutes when read together provide support for the trial court's conclusion that the disclosure to the police was not violative of any rights of the plaintiff. General Statutes § 17a-101 (a) establishes the public policy of the state. That public policy, in part, is to "protect children whose health and welfare may be adversely affected through injury and neglect . . . ." To implement that purpose, the state's policy is "to require the reporting of suspected child abuse, investigation of such reports by a social agency, and provision of services, where needed to such child and family." General Statutes § 17a-28 (e) provides in part that the department shall upon request promptly provide copies of records, without the consent of a person, to a law enforcement agency "for purposes of investigating . . . an allegation of child abuse or neglect . . . ." General Statutes § 17a-101b (a) provides that if an oral report has been made by a person who is mandated to report neglect or abuse *"including, but not limited to,* a report that . . . (5) a child has suffered serious nonaccidental physical injury, [the commissioner of the department] shall, within twenty-four hours of receipt of such report, notify the appropriate law enforcement agency." (Emphasis added.) Here, the child care center is a mandated reporter that made an oral report to the department. See General Statutes § 17a-101 (b).

We agree with the trial court that on the basis of the facts of this case, public policy and statutory authorization allowed the department to conduct an after-hours investigation, to seek a police escort and to provide the police with basic information. It was for the department to determine whether the report of neglect was an emergency that required investigation immediately. If so, the allegations of the child care center were necessarily revealed. Furthermore, § 17a-101b (a) (5) specifically provides for the transmission of information to a law enforcement agency in some instances.

The plaintiff also claims that the department improperly disclosed information to the two assistant attorneys general who entered appearances on behalf of the department in this lawsuit. To articulate the claim is to refute it. See General Statutes § 17a-28 (f) (5).

The plaintiff makes one last broad claim of another statutory indiscretion, namely that the department disclosed records pertaining to the plaintiff to the state data center. We do not consider this claim because it was not raised in or considered by the trial court.

Because we conclude that the plaintiff was provided with access to all relevant records and that no relevant department records were released in violation of any statute, we need not consider the plaintiff's claim that she suffered damages for which she is entitled to monetary compensation. The trial court did not use "new, unprecedented and creative exceptions to statutory law" to conclude that judgment for the defendant should be rendered. Nor do we in affirming that judgment.

The judgment is affirmed.

In this opinion the other judges concurred.