FRANCISCO J. MORALES *v.* CAROL M. KAGEL
(AC 19029)

Spear, Hennessy and Shea, Js.

Argued January 14—officially released July 18, 2000

*John F. Morris*, with whom, on the brief, were *Raynald B. Cantin* and *A. Alan Sheffy*, for the appellant (plaintiff).

*Susan L. Miller*, with whom, on the brief, was *Robyn L. Sondak*, for the appellee (defendant).

*Opinion*

SHEA, J. The plaintiff, Francisco J. Morales, appeals from the judgment of the trial court rendered after the granting of the motion for summary judgment filed by

the defendant, Carol M. Kagel, a psychologist.[1] On appeal, the plaintiff claims that the court improperly granted the motion because the defendant did not have "reasonable cause to suspect or believe" a claim of alleged child abuse, and did not report it to the department of children and families (department) in good faith, pursuant to General Statutes (Rev. to 1995) § 17a-101.[2] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. On December 12, 1995, the plaintiff's then wife, Sarah Louise Morales,[3]

---

[1] The underlying action was brought in five counts by the plaintiff alleging recklessness, a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq., intentional infliction of emotional distress, defamation and negligent infliction of emotional distress relating to a report by the defendant to the department of children and families.

[2] General Statutes (Rev. to 1995) § 17a-101 provides in relevant part: "(b) Any . . . psychologist . . . [or] mental health professional . . . who has reasonable cause to suspect or believe that any child under the age of eighteen has had physical injury or injuries inflicted upon him by a person responsible for such child's or youth's health, welfare or care . . . shall report or cause a report to be made in accordance with the provisions of subsection (c) of this section . . . .

"(c) An oral report shall be made immediately by telephone or otherwise, to the state commissioner of children and families or his representative, or the local police department or the state police to be followed within seventy-two hours by a written report to the commissioner of children and families or his representative . . . . The commissioner of children and families or his designee shall notify the local police department or state police within twenty-four hours of receiving an oral report alleging serious physical abuse or sexual abuse of a child. . . . Such report shall contain the names and addresses of the child and his parents or other person responsible for his care, if known, the age of the child, the nature and extent of his injuries, together with any evidence of previous injury or maltreatment to the child or his siblings . . . and any other information which the reporter believes might be helpful in establishing the cause of the injury or injuries and protecting the child.

* * *

"(h) Any person . . . [who] in good faith, makes the report required by this section shall be immune from any liability, civil or criminal, which might otherwise be incurred or imposed . . . ."

[3] In the telephone conversation, Sarah Louise Morales identified herself as Louise Morales. In this opinion, we also will refer to her as Louise Morales.

contacted the defendant by telephone because she was concerned about certain inappropriate sexual behavior exhibited by her four and one-half year old son, who, when she questioned him, told her that the plaintiff had done those things to him. During the conversation, the defendant informed Louise Morales that due to the nature of the allegations and the possibility of child abuse, the defendant would have to report the matter to the department. Prior to reporting the matter to the department, however, the defendant contacted the child abuse hotline to inquire whether, on the basis of the information Louise Morales provided, the defendant had a duty as a psychologist, pursuant to § 17a-101, to report the information. The hotline supervisor advised the defendant that she was obligated to report the information. Accordingly, the defendant provided an oral, and later a written, report to the department regarding the accusations by Louise Morales that the plaintiff had committed sexual abuse.

Thereafter, on November 14, 1997, the plaintiff commenced this action by serving the defendant with a five count complaint. In March, 1998, the defendant filed a motion for summary judgment with a supporting memorandum of law, claiming, pursuant to § 17a-101, that she did not owe a duty to the suspected child abuser and was immune from civil liability for reporting the allegations of abuse to the department. In July, 1998, the plaintiff filed an objection to the motion for summary judgment and attached an affidavit from his treating psychiatrist, Kenneth M. Selig. The relevant portion of Selig's affidavit states that "it is [his] professional opinion as a [psychiatrist] that [the defendant] was not required to report her telephone conversation with [Louise Morales] to the [department] in that a reasonable basis did not exist based upon the single phone conversation between Louise Morales and [the defendant] for suspecting sexual abuse."

Later, the defendant filed a reply to the affidavit and, thereafter, the plaintiff filed a response to the defendant's reply. On October 27, 1998, the court filed its memorandum of decision granting the defendant's motion for summary judgment. This appeal followed. Additional facts will be provided as necessary.

We first address the appropriate standard of review. "Our standard of review of a trial court's decision to grant a motion for summary judgment is well established. . . . Practice Book § [17-49] requires that judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A material fact is a fact that will make a difference in the result of the case. . . . The facts at issue are those alleged in the pleadings. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . . The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . . A motion for summary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." (Citations omitted; internal quotation marks omitted.) *Lunn* v. *Cummings & Lockwood*, 56 Conn. App. 363, 369–70, 743 A.2d 653 (2000).

The plaintiff argues that the court improperly granted the defendant's motion for summary judgment because the defendant did not have reasonable cause to suspect

or to believe that a child was abused, and reported the claim to the department in bad faith. We disagree.

The plaintiff claims that Selig's affidavit stating that in his professional opinion the defendant "was not required to report her telephone conversation with Ms. Louise Morales to the [department]" because "a reasonable basis did not exist based upon the single phone conversation between Louise Morales and [the defendant] for suspecting sexual abuse," created a genuine issue of material fact that precluded the court from granting the defendant's motion for summary judgment.

Although an affidavit by an expert may be considered in opposition to a motion for summary judgment, conclusory affidavits, even from expert witnesses, do not provide a basis on which to deny such motions. 27A Fed. Proc., L. Ed. § 62:717 (1996). In the present case, Selig merely stated that the defendant did not have a reasonable basis for reporting the telephone conversation to the department, yet he did not set forth specific facts to support his claim. His statement, therefore, was conclusory and did not provide a basis on which to deny the defendant's motion for summary judgment.

Furthermore, the affidavit does not state facts to support the plaintiff's claim that the defendant was acting in bad faith when she reported Louise Morales' claim of child abuse to the department after being advised by the hotline supervisor that she was obligated to do so. The affidavit raises no issue of fact that would defeat the defendant's qualification for the immunity privilege of a psychologist acting in good faith pursuant to § 17a-101 (h).

The plaintiff further claims that the defendant failed to make sufficient inquiry during the telephone call from the plaintiff's wife to afford the defendant a reasonable basis to suspect abuse. As appropriately stated by the court in its memorandum of decision, however, "Noth-

ing in the General Statutes requires a mandated reporter to undertake such further investigation . . . ." General Statutes (Rev. to 1995) § 17a-101 (e) provides that the investigation will be made by the agency receiving the report, not by the reporting psychologist or mental health professional. General Statutes (Rev. to 1995) § 17a-101 (h) provides that "any person, institution or agency which, in good faith, makes the report required by this statute shall be immune from any liability . . . ."

Furthermore, "The public policy of this state is: To protect children whose health and welfare may be adversely affected through injury and neglect; to strengthen the family and to make the home safe for children by enhancing the parental capacity for good child care; to provide a temporary or permanent nurturing and safe environment for children when necessary; and for these purposes to require the reporting of suspected child abuse, investigation of such reports by a social agency, and provision of services, where needed, to such child and family." General Statutes (Rev. to 1995) § 17a-101 (a).

In *Zamstein* v. *Marvasti*, 240 Conn. 549, 559–61, 692 A.2d 781 (1997), our Supreme Court concluded that "imposing a duty on mental health professionals, who have been engaged to evaluate whether there has been sexual abuse, a duty of care running to the benefit of the alleged sexual abuser would be contrary to the public policy of this state. The legislature has expressed the strong public policy of encouraging medical professionals and other persons to report actual and suspected child abuse to the appropriate authorities and agencies. General Statutes (Rev. to 1995) § 17a-101 requires medical professionals and other persons to notify the state commissioner of children and families, or local or state police, whenever they have 'reasonable cause to suspect or believe' that a child under the age

of eighteen has been abused. Subsection (b) of § 17a-101 provides that such persons shall be fined up to $500 if they fail to make such a report. Subsection (h) of § 17a-101 provides that persons who make such reports in good faith 'shall be immune from any liability, civil or criminal,' that may result from making the report.

"We conclude that imposing a duty on mental health professionals . . . would carry with it the impermissible risk of discouraging such professionals in the future from performing sexual abuse evaluations of children altogether, out of a fear of liability to the very persons whose conduct they may implicate. Such a result would necessarily run contrary to the state's policy of encouraging the reporting and investigation of suspected child abuse, as expressed in General Statutes (Rev. to 1995) § 17a-101, because effective evaluation and diagnosis of children is a necessary component of discovering the abuse in the first instance. In addition, imposing such a duty creates too high a risk that, in close cases, mental health professionals would conclude that no sexual abuse had occurred because they feared potential liability to the suspected abusers, rather than because of their professional judgment that, in all likelihood, no abuse had occurred."

As did the court in *Zamstein*, we conclude that the defendant in this case did not owe a duty to the plaintiff to investigate the accusations against him prior to making a good faith report.

The judgment is affirmed.

In this opinion the other judges concurred.