[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs (the Grecos) are the parents of Marcus, who is six years old, and Nicola, who is three years old. They allege that the defendant Anderson, in March 1997, "made false and malicious accusations" of child abuse on their part to an employee of the state Department of Children and Families (DCF). In particular, they claim that Ms. Anderson "falsely and maliciously" informed DCF that she had personally' observed conditions which caused her to believe that the Grecos were physically abusing their children. Count One, ¶ 3.
The Grecos also allege that the defendant Bissonette, while acting as an agent of the defendant Building Block Daycare, LLC (Building Block), "falsely and maliciously" accused them of physically abusing and injuring CT Page 13181 their children. The complaint details the accusations alleged to have been made by Ms. Bissonette and alleges that they "would have been obviously false to anyone who, like (Ms. Bissonette) had made close observations of the children and the plaintiffs over a period of time". Count Five, ¶ 4.
As a result of these accusations, the Grecos go on to allege, their children were removed from their home and remained out of the home for an extended period of time. Moreover, the Grecos were arrested and prosecuted for crimes charged as a result of the alleged abuse of their children. The charges, of which the Grecos claim to be innocent, were dismissed, they allege, but not before they were required to expend money for attorneys to defend against them and to assist in obtaining the return of their children. They also claim to have suffered severe emotional distress from the actions of the defendants.
Four of the twelve counts in the complaint[1] are directed to the defendant Anderson, two of them sounding in malicious prosecution and two alleging "reckless or intentional" infliction of emotional distress. The remaining eight counts state the same causes of action against the defendants Bissonette and Building Block. The defendants have moved to strike the entire complaint as well as individual counts of the complaint on various grounds, which will be taken up seriatim.
First, however, it must be remembered that "for the purpose of a motion to strike, the moving party admits all facts well pleaded". RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2 (1994). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580 (1997). The same is not true of "mere conclusions of law that are unsupported by the facts alleged".Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215
(1992).
A. Immunity
The defendants make an overarching claim that the Grecos' entire cause of action is foreclosed by the statutory immunity accorded to mandated child abuse reporters. There seems to be no question that both individual defendants are persons mandated by General Statutes § 17a-101a to report to DCF when they have "reasonable cause to suspect or believe" that a child under 18 has been the victim of abuse, and § 17a-101e(b) grants to such reporters a qualified immunity from any civil or criminal liability, provided the report is made "in good faith".
There is some question in my mind whether this claim is properly raised CT Page 13182 by a motion to strike rather than plead by way of a special defense. In the analogous area of defamation it is well-settled that the defense of privilege must be specially pled. See Meehan v. Yale-New Haven Hospital, Superior Court, judicial district of Ansonia-Milford, Docket No. CV 95 320418 (Mar. 12, 1996), and the numerous cases cited therein. Moreover, governmental immunity must be specially pled. Westport Taxi Service,Inc. v. Westport Transit District, 235 Conn. 1, 24 (1995).
On the other hand, the case of Bonamico v. Middletown, 47 Conn. App. 758
(1998), without discussion, affirms the granting of a motion to strike a complaint because "the plaintiffs have not sufficiently alleged facts necessary to bring this case within the ambit of the identifiable person-imminent harm exception to governmental immunity". Id., 760. And, it had previously been held that, where it is "apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant was not required to plead governmental immunity as a special defense and could attack the legal sufficiency of the complaint through a motion to strike". (Citations omitted.) Brown v.Branford, 12 Conn. App. 106, 111 n. 3 (1987).
In this case it is apparent from the face of the complaint that the individual defendants were acting in a capacity that made them mandated reporters when they made their reports concerning the Grecos' children. So, I conclude that a motion to strike is appropriate to raise the immunity issue. I also conclude, however, that the Grecos have pled sufficient facts which, if proven, would overcome the claim of immunity.
 In common usage, the term "good faith" has "`a well defined and generally understood meaning, being ordinarily used to describe that state of mind denoting honesty of purpose, freedom from intention to defraud, and, generally speaking, means being faithful to one's duty or obligation.' 35 C.J.S. 488 and cases cited. . . . It is a subjective standard of honesty of fact in the conduct or transaction concerned, taking into account the person's state of mind, actual knowledge and motives . . . Whether good faith exists is a question of fact to be determined from all the circumstances. (Citations omitted.)
Kendzierski v. Goodson, 21 Conn. App. 424, 429-430 (1990).
As to both individual defendants the Grecos allege that their reports were not only false but made with malice. While a request to revise might have been appropriate to obtain "a more complete or particular statement CT Page 13183 of the allegations", P.B. § 10-35, it cannot be said that a claim that a report was false and made with malice is a "mere conclusion of law". Whether a statement is false or true is quintessentially a factual determination, as is the motive with which it was made. And, even in connection with motions for summary judgment, where matters of fact may be injected into the record via affidavits, the appellate courts have cautioned that "(s)ummary judgment is inappropriate where the inferences that the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions". Tyson v. North Branford,58 Conn. App. 702, 707 (2000).
The Supreme Court has immunized professionals such as psychiatrists who are performing evaluations of claims of child abuse from liability to the parents of those children for negligence in the performance of their evaluations. Zamstein v. Marvasti, 240 Conn. 549 (1997). The Appellate Court has extended this immunity for such professionals to a claim for intentional infliction of emotional distress. Morales v. Kagel,58 Conn. App. 776 (2000). In both cases the Courts held that the professional evaluators had no duty to the parents upon which liability could be based. The defendants here seek to extend this immunity still further to cover those who claim, falsely and with malice, personally to have observed acts of abuse or the results of such acts.
But, the public policy considerations which led to immunity for evaluating professionals are not that elastic. There certainly is a strong public policy in favor of uncovering child abuse which argues against deterring professionals to whom claims of abuse are reported from conducting thorough evaluations and giving courts and other interested agencies such as DCF their honest opinions as to the existence or not of abuse. In Zamstein the Supreme Court was specific that it wanted to protect these evaluators from liability for "incorrect but honest
assessments". (Emphasis added.) Zamstein v. Marvasti, supra, 240 Conn. 564. In Morales the Appellate Court concluded that the evaluator "did not owe a duty to the plaintiff to investigate the accusations against him prior to making a good faith report". (Emphasis added.) Morales v. Kagel, supra, 58 Conn. App. 783.
The defendants here are not evaluators. Nor are they alleged to have made "incorrect but honest assessments" of abuse of the Greco' children. They are witnesses to the condition of these children, and they are alleged to have lied, and lied with malice, about what they saw.
Society's vital interest in uncovering child abuse is not the only interest at stake here. "The right to family autonomy and privacy acknowledged in the common law has been recognized as so fundamental as to merit constitutional protection." Castagno v. Wholean, 239 Conn. 336, CT Page 13184 344 (1996).
 Although the state certainly has an interest in encouraging reports of sexual abuse and indeed mandates such reporting by statute, it has no interest in encouraging such reporting when it is not made in good faith. In fact the statutory scheme explicitly fails to give civil immunity for bad faith reporting, see § 17a-101(e)(c). Two competing vitally important public policy considerations are involved: on the one hand reporting abuse of children, on the other hand the integrity of the family against what allegedly is (sic) malicious allegations. This issue certainly cannot be decided by way of a motion to strike.
Doe v. Julia Day Nursery, Superior Court, judicial district of Ansonia-Milford, Docket No. CV 98 062198 (Nov. 16, 1998).
Extending immunity to false and malicious accusations, if that is what they were, would not serve the public purpose of discovering child abuse and would compromise the constitutional protection accorded to family autonomy.
The Grecos have pled sufficient facts to bring this case within the "bad faith" exception to the immunity afforded mandated reporters by the statute.
B. Malicious Prosecution
Turning to the individual causes of action, it is clear that the counts attempting to state a cause for malicious prosecution must be stricken.[2] The facts as alleged make it clear that they would not support a conclusion that either Ms. Anderson or Ms. Bissonette "initiated or procured" the criminal prosecution of the Grecos, an element of a cause of action for malicious prosecution. See McCall v.WBS Corp., 187 Conn. 444, 447 (1982). Nor does the complaint even attempt to allege that they acted "primarily for a purpose other than that of bringing an offender to justice", another element. Id.
C. Intentional Infliction of Emotional Distress[3]
The defendants argue that the conduct alleged in the complaint does not sink to the level of the "extreme and outrageous" conduct required as an element of the Grecos' claim of intentional infliction of emotional distress. See, e.g., Petyan v. Ellis, 200 Conn. 243, 253 (1986). CT Page 13185
Whether the actions of the defendants, if proven, were "extreme and outrageous" so as to impose liability on them for intentional infliction of emotional distress is for the jury to determine. In ruling on a motion to strike, the court has an obligation to determine whether the allegations reach a threshold of sufficiency so that the case can even go to the jury. Bell v. Board of Education, 55 Conn. App. 400, 410 (1999). I would be prepared to find that false and malicious allegations which lead to the loss of one's children and threaten the loss of one's liberty are, per se, "extreme and outrageous". But, "(r)easonable minds can differ on whether the conduct of the defendants was extreme and outrageous to the degree that it would support a claim for the infliction of emotional distress". Chain v. Biddle, Superior Court, judicial district of New Haven, Docket No. CV 97 407047 (Mar. 10, 1999). Where that is the case, the issue is for the jury.[4] Bell v. Board ofEducation, supra, 410.
Conclusion
In accordance with the findings and conclusions above, the motions to strike of the defendants are granted as to Counts One, Two, Five, Six, Seven and Eight and denied as to all other counts. The plaintiffs are ordered to file a revised complaint reflecting the court's ruling by November 13, 2000.
BY THE COURT
SHORTALL, J.