[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR SUMMARY JUDGMENT (#147)
This is an action against the Child Care Center of Stamford ("Center"), Jane Norgren ("Norgren"), Carol Aoki also known as Carol CT Page 9556 Whitescarver ("Whitescarver") and others in which the plaintiffs Tracy Marlow and Sarah Starkweather allege that Norgren and Whitescarver, on February 17, 1995, "maliciously, wantonly, in bad faith and without reasonable basis, falsely reported to the Connecticut Department of Children and Families that the plaintiffs had been and were abusing and neglecting their minor children." (First count, ¶ 4). This paragraph of the complaint is the operative allegation supporting the various causes of action claimed against the Center, Norgren and Whitescarver,[1] who were the day care providers for the plaintiffs' minor children. The Center, Norgren and Whitescarver ("the defendants") have moved for summary judgment on all the counts against them claiming that they are afforded immunity under General Statutes § 17a-101e (b).
Under the statutory scheme set out in General Statutes § 17a-101 et seq., mandated reporters who have "reasonable cause to suspect or believe" child abuse are obliged to report their suspicion or belief to the Commissioner of Children and Families or to a law enforcement agency. Mandated reporters include day care providers. General Statutes §§ 17a-101 (b), 17a-101a, 17a-101b, 17a-101c. General Statutes §17a-101 (a) establishes the public policy of the state. That public policy, in part, is to "protect children whose health and welfare may be adversely affected through injury and neglect. . . ." To implement that purpose, the state's policy is "to require the reporting of suspected child abuse, investigation of such reports by a social agency, and provision of services, where needed to such child and family." Sarah M.S. v. Department of Children Families, 49 Conn. App. 663, 668,714 A.2d 1284 (1998). "By its terms, § 17a-101 (a) connotes a responsibility on the state's behalf to act before the actual occurrence of injury or neglect has taken place." In re Michael D., 58 Conn. App. 119, 123-24,752 A.2d 1135, cert. denied, 254 Conn. 911, 759 A.2d 500 (2000). The legislature's "strong public policy of encouraging medical professionals and other persons to report actual and suspected child abuse to the appropriate authorities and agencies," Zainstein v. Marvasti,240 Conn. 549, 559, 692 A.2d 781 (1997), is reflected in the immunity from liability it conferred in General Statutes § 17a-101e (formerly § 17a-101 (h)), which provides, in pertinent part that [a]ny person, institution or agency which, in good faith, makes . . . the report pursuant to sections 17a-101a to 17a-101d . . . shall be immune from any liability, civil or criminal, which might otherwise be incurred or imposed
The plaintiffs claim that the issue of immunity under § 17a-101e
cannot be decided on this motion for summary judgment because they have come forward with sufficient evidence to demonstrate a genuine issue of material fact that the defendants acted in bad faith and with actual malice. To the contrary, however, the plaintiffs have submitted no CT Page 9557 evidential basis upon which the court can conclude that such a genuine issue of fact exists. "[E]ven with respect to questions of motive, intent and good faith, the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact." Wadia Enterprises, Inc. v. Hirschfeld, 224 Conn. 240, 250,618 A.2d 506 (1992).
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 381,713 A.2d 820 (1998). The moving party has the burden of demonstrating the absence of a genuine issue of material fact, but the party opposing the motion must provide evidence to demonstrate the existence of such an issue. Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059
(2000); Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552, 554-55,707 A.2d 15 (1998). "It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Citations omitted; internal quotation marks omitted.) Bruttomesso v. NortheasternConnecticut Sexual Assault Crisis Services, Inc., 242 Conn. 1, 5-6,698 A.2d 795 (1997). "Demonstrating a genuine issue requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred. . . . A material fact is one that will make a difference in the result of the case." (Internal citations omitted.) New Milford SavingsBank v. Roina, 38 Conn. App. 240, 244, 659 A.2d 1226, cert. denied,235 Conn. 915, 665 A.2d 609 (1995).
In support of their motion for summary judgment, the defendants have submitted the affidavits of Norgren and Whitescarver regarding the steps they took in making the report to Department of Children and Families ("DCF") on February 17, 1995. In opposition, the plaintiffs submitted nine pages of the transcript of testimony that Tracy Marlow gave before James R. Smith, Claims Commissioner, in the office of the Claims of Commissioner, on September 30, 1999 and a deposition, taken without the presence of opposing counsel, of Caryn Zieses, a babysitter for the plaintiffs. Zieses' deposition contains no facts which bear on the good or bad faith of the defendants. Marlow's testimony does not provide any evidentiary fact or substantial evidence which demonstrates the existence of a genuine issue of material fact that the defendants acted in bad CT Page 9558 faith. See Morales v. Kagel, 58 Conn. App. 776, 781, 755 A.2d 915
(2000).
Contrary to the plaintiffs' assertion that the affidavits of Norgren and Whitescarver are "self-serving," these documents relate undisputed facts demonstrating that the defendants made their report in good faith. Whitescarver avers that on numerous occasions between September 1994 and February 1995 she was personally aware of and her staff had reported to her incidents and concerns regarding the health, safety and well-being of the plaintiffs' minor children. Accordingly, on February 16, 1995, Whitescarver consulted with Norgren, her supervisor, who arranged for them to meet with counsel for the Center. Their attorney advised them to file a report. However, before filing a report, Whitescarver called DCF and anonymously reviewed her concerns with a social worker, who also advised her that the outlined situation amounted to a reportable case. An oral report was made to DCF on February 17, 1995, after these steps were taken. The mandated written report was filed on February 21, 1995.
The term "good faith" is "used to describe that state of mind denoting honesty of purpose, freedom from intention to defraud, and, generally speaking, [it] means being faithful to one's duty or obligation." 35 C.J.S. 488 as quoted in Kendzierski v. Goodson, 21 Conn. App. 424, 429,574 A.2d 249 (1990). The defendants consulted with counsel and DCF before reporting their suspicions as mandated by General Statutes §17a-101a. They were under no obligation to conduct an independent investigation of their concerns. See Zamstein v. Marvasti, supra,240 Conn. 549; Morales v. Kagel, supra, 58 Conn. App. 776. Rather, it was the obligation of the state, through DCF, to determine the nature and scope of the investigation which the reported facts required, see SarahM. S. v. Department of Children Families, supra, 49 Conn. App. 668, 50 it could fulfill its responsibility to act to prevent the actual occurrence of injury or neglect.
Furthermore, the plaintiffs have alleged that the defendants acted "maliciously, wantonly and in bad faith," yet have failed to provide an evidential basis which supports that allegation. Malicious and wanton conduct is "highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Citations omitted; internal quotation marks omitted.) Elliotv. Waterbury, 245 Conn. 385, 415, 715 A.2d 27 (1998). There has been no evidence brought forward from which a trier of fact could reasonably conclude that the defendants' conduct, in making a report to DCF on the advice of both counsel and the agency itself, rose to such a level.
The undisputed facts before the court demonstrate that the defendants would be entitled to a directed verdict on all the counts against them CT Page 9559 because all the claims require a conclusion that the defendants acted maliciously, wantonly and in bad faith, and there is no evidence to support that conclusion. Accordingly, the motion for summary judgment is granted and judgment shall enter against the plaintiffs and in favor of the defendant the Child Care Center of Stamford, Inc. on the first, third, eleventh and twelfth counts, in favor of the defendant Carol Aoki also known as Carol Whitescarver on the second count and fourth counts, and in favor of the defendant Jane Norgren on the fifth and sixth counts.
 _____________________ LINDA K. LAGER, JUDGE