[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The defendant, Maureen Roche, has moved for summary judgment on all seven counts of the complaint brought against her by plaintiffs Leo McCoy CT Page 6903 and Esther McCoy. The plaintiffs assert that Roche is liable to them for slander, libel, intentional and negligent infliction of emotional distress, negligence and invasion of privacy. The plaintiffs allege that Roche falsely stated that the plaintiffs mistreated and abused her while she was working in a residential facility established by a federal court consent decree for the care of the plaintiff's two grown sons, who are multiply disabled physically and mentally. The plaintiffs further allege that Roche falsely and maliciously reported to others, including a special master who was reporting on conditions at the facility to a federal magistrate judge, that the plaintiffs, who spent many hours each day at the facility, "were placing their sons in danger," and "were not competent to care for their sons."
The defendant asserts that summary judgment must enter in her favor because her alleged statements are absolutely privileged to the extent that they were allegedly made 1) in judicial proceedings or 2) under the reporting requirements of Conn. Gen. Stat. § 46a-11b, which requires, inter alia, persons paid to care for persons with mental retardation to report to the Commissioner of Mental Retardation or his designee upon reasonable cause to suspect or believe that abuse or neglect of such persons is occurring or has occurred.
Allegations of the complaint
The motion presents particular difficulties in part because the plaintiffs have not alleged in their complaint the statements that Roche made, nor have they alleged to whom any such statements were made. The core allegations of the complaint are as follows:
 5. During the latter half of 1998, the defendant ROCHE worked in the McCoy household, assisting in the provision of care to the plaintiffs' sons.
 6. During that period of time, the defendant falsely and maliciously alleged that the plaintiffs mistreated and abused her, and published such false and malicious allegations to one or more third parties.
 7. During the aforesaid period of time, the defendant knew that a Special Master appointed by the federal court was preparing recommendations about the McCoy household and the consent decree pertaining to the ongoing, lifetime medical care of the plaintiffs' sons.
 8. Pursuant to formulating his recommendations, the CT Page 6904 Special Master spoke to staff members of the McCoy household.
 9. The defendant falsely and maliciously reported to the Special Master and other third parties that the plaintiffs were placing their sons in danger, and that the plaintiff's sons were not safe because of actions of the plaintiffs. . . .
 10. The defendant further falsely and maliciously claimed that the plaintiffs were not competent to care for their sons.
The defendant filed no request to revise the complaint to obtain a clear allegation of what the plaintiffs allege that the defendant said and to whom they allege she said it. Her motion for summary judgment is not accompanied by any affidavit in which she avers what, if any, statements she made and to whom she made them. In their response to the motion, the plaintiffs have filed no affidavit in which any witness states what statements the defendant made; rather, they have submitted excerpts from their own depositions in which they state that they do not know what Roche said or to whom she said it, and that their allegations are based on the reports of their former lawyer, Jennifer Zito, about statements the special master made in a telephone conference call with the magistrate judge. No party has submitted any sworn testimony or affidavits from Attorney Zito or from any other person to whom Roche is alleged to have made statements concerning the plaintiffs. Professor Skarnulis' report, which has been appended to the defendant's motion, mentions conflicts between the plaintiffs and workers assigned to care for their sons; however, the report does not name the defendant as the source of any of the information that the special master reported to the magistrate judge.
A fair reading of the complaint is that the defendant allegedly made some statements critical of the plaintiffs to the special master and some statements to others not identified in the complaint.
Standard of review
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." OSP, Inc. v. Aetna Casualty Surety Co.,256 Conn. 343, 351 (2001); Alvarez v. New Haven Register, Inc.,249 Conn. 709, 714 (1999); Nichols v. Lighthouse Restaurant, Inc.,246 Conn. 156, 163 (1998); Peerless Ins. Co. v. Gonzalez, 241 Conn. 476, CT Page 6905 481 (1997); and Practice Book § 17-49; see Sherwood v. DanburyHospital, 252 Conn. 193, 201 (2000); Rivera v. Double A Transportation,Inc., 248 Conn. 21, 24 (1999).
The party moving for summary judgment bears the burden of proving the absence of a genuine dispute as to any material fact; and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Rivera v.Double A Transportation, Inc., supra, 248 Conn. 24. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Witt v. St. Vincent's Medical Center,252 Conn. 363, 373 n. 7 (2000).
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The test is whether a party would be entitled to a directed verdict on the same facts. Sherwood v. Danbury Hospital, supra, 252 Conn. 201; Serrano v.Burns, 248 Conn. 419, 424 (1999); Connell v. Colwell, 214 Conn. 242,246-47 (1990); Forte v. Citicorp Mortgage, Inc., 66 Conn. App. 475
(2001). In Connecticut, a directed verdict may be rendered only if, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed. United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 380 (1969); Vuono v. Eldred,155 Conn. 704, 705 (1967).
In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495, 500 (1998); Telescov. Telesco, 187 Conn. 715, 718 (1982).
In Gould v. Mellick Sexton, 66 Conn. App. 542, 555, cert. granted,259 Conn. 902 (2001), the Appellate Court observed in dicta that resolution of claims by summary judgment is generally an "inappropriate way to conclude complex litigation;" however it noted in that opinion that summary judgment has "utility in avoiding the expense of litigation in cases where the factual issues are relatively simple." Id. The Supreme Court has granted a motion for certification in that case on the issue of the availability of summary judgment in complex cases. Gould v. Mellick Sexton, supra, 259 Conn. 902 (2001).
Statements made to the special master
In her motion, the defendant does not assert that she made no statements to the special master in the federal court proceedings; CT Page 6906 rather, she asserts that any such statements are not actionable because they are absolutely privileged. Without stating what they allege the defendant's statements to have been, the plaintiffs assert that some of the statements were made to the special master and that these statements are, in part, the basis for their claims against the defendant.
In their brief in opposition to the defendant's motion, the plaintiffs acknowledge that Connecticut extends an absolute privilege to statements made in legislative, judicial and executive proceedings. Kelly v.Bonney, 221 Conn. 549 (1992); Petyan v. Ellis, 200 Conn. 243, 247-48;Hassett v. Carroll, 85 Conn. 23, 35 (1911). (See plaintiffs' brief May 2, 2002, p. 5.) They do not contest that the special master's inquiry and report were part of a federal court proceeding.
Accordingly, this court finds that the defendant is entitled to summary judgment as to all of the plaintiffs' claims that are based on any statements she made to the special master and any report of those statements by the special master in any judicial proceeding, including his reports, written and oral, to the magistrate judge.
Statements made to others
The plaintiffs correctly observe in their brief that the defendant has not demonstrated that she is entitled to summary judgment as to any allegedly libelous or slanderous statements made by the defendant to the "one or more third parties" alleged in their complaint. The plaintiffs allege that these statements concerned not only their treatment of their sons but their treatment of the defendant.
The defendant argues that the plaintiffs have not produced any evidence to establish that the defendant made any such statements to anyone other than the special master. Where the merits of a claim are being assessed not at trial but upon a defendant's motion for summary judgment, however, the burden of showing what the facts are falls on the party that moves for summary judgment. Witt v. St. Vincent's Medical Center, supra,252 Conn. 373 n. 7:
 The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of CT Page 6907 any genuine issue of material fact. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent.
The Supreme Court stated the same allocation of the burden of proving what the facts are in the context of a motion for summary judgment inD.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434 (1980).
The defendant alleges that other Connecticut appellate cases authorize the granting of summary judgment to a defendant who does not present the facts but merely predicts the inability of the plaintiffs to bear their burden of proof at the time of trial. The cases cited do not support this characterization. In Truglio v. Hayes Construction Co., 66 Conn. App. 681,683 (2000), the defendant that moved for summary judgment on the ground that a poured sidewalk is not a "product" within the meaning of Connecticut's product liability act provided with its motion an affidavit in which a competent witness stated that the sidewalk was formed and poured, not installed as a prefabricated item.
In Farrell v. Farrell, 182 Conn. 34, 36 (1980), the plaintiff who moved for summary judgment supported the motion with an affidavit and other materials to show what the facts were. Likewise, in Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 575 (1990), the defendant appended to its motion for summary judgment the text of the insurance policy under which the plaintiff sought disability benefits, along with medical reports that described the conditions that the plaintiff claimed came within the coverage provided.
The federal and New York State cases cited by the defendant do not identify the standards stated in Connecticut's rules of civil procedure concerning summary judgment.
Plaintiff Esther McCoy testified at her deposition that Roche made statements about her to Bill Ale. Asked in interrogatories to identify the persons to whom the alleged statements were made, the plaintiffs responded "Reported to Special Master Ed Skarnulis; Program Director Bill Ale." The defendant has not presented any affidavit or other submission to demonstrate what the facts are with regard to her statements about the plaintiffs to persons other than the special master, and this court has no basis for deciding whether they are actionable or not.
The defendant construes the motion for summary judgment as a device by which a defendant can force a plaintiff to present its evidence on the merits of the claim at the pleading stage rather than at trial. Neither the text of P.B. § 17-49 nor Connecticut's appellate case law concerning the burdens that apply to such motions confirms the CT Page 6908 defendant's construction.
The lack of any evidence to establish the content of any statements likewise precludes adjudication of the defendant's claim that the mandated reporter statute she cites, Conn. Gen. Stat. § 46a-11b, supplies an applicable source of privilege and immunity from liability. That statute, at § 46a-11b (e), provides that a person who makes a report pursuant to §§ 46a-11a through 46a-11g is immune from civil liability unless the report was made maliciously or in bad faith.
Courts have held in the analogous context of mandated reporters of child abuse pursuant to Conn. Gen. Stat. § 17a-101a that reports mandated by reporting requirements cannot be the basis for civil liability of the reporter, and they have required specific factual allegations rather than conclusory allegations of malice. Zamstein v.Marvasti, 240 Conn. 549, 559-61 (1997); Morales v. Kagel, 58 Conn. App. 776
(2000). The record presented does not enable this court to determine whether the alleged statements at issue were or were not made in compliance with a statutory reporting duty. The defendant has failed to demonstrate that the shield provided by the cited reporting statute applies.
Conclusion
The motion is granted as to all claims based on statements made by the defendant to special master Skarnulis or reported by him to others as part of the judicial proceedings being conducted in the federal district court. The motion is denied as to claims based on statements the defendant allegedly made other than in the course of those judicial proceedings.
Beverly J. Hodgson Judge of the Superior Court